N. W. WILSON *vs* GALE.

The fact of a *constable* applying to a justice for the *renewal* of an execution is *prima facie* evidence that such execution was delivered to him in season to levy and collect the amount thereof within its life.

A deputy sheriff who takes a judgment in the name of the sheriff against a purchaser at a sheriff's sale, and mixes up with such judgment a private demand due to himself, cannot control the judgment; it belongs to the sheriff.

Notice to produce in evidence on the trial of a cause a written document, given·in a suit before a justice, is good and operative in the common pleas, if such suit is subsequently removed into such court by appeal.

A judgment will not be reversed for a *technical* error in entering it.

ERROR from the Washington common pleas This cause was brought into the common pleas by an appeal from a jus-

tice's judgment rendered in favor of Gale against Wilson. Gale, in March, 1824 commenced his suit against Wilson, and declared in debt for the amount of an execution in his favor against one Munson, which had been put into the hands of Wilson, as a constable, for collection, and which Wilson had neglected to return according to the provisions of the statute. The defendant pleaded the general issue and specially that one Thaddeus Stevens was the real and *bona fide* owner of the judgment against Munson; that Stevens assigned it to one Moses Cleveland, and that the defendant paid the amount thereof to Cleveland. The plaintiff took issue upon the second plea, the parties proceeded to trial, and the plaintiff obtained judgement.

On the trial in the common pleas, the following facts appeared: Stevens, in 1822, as a deputy of Gale, who was sheriff of the county of Washington, sold by virtue of an execution property belonging to one Erastus Wilson, at which sale one Munson was a purchaser to the amount of about $29, and agreed to become paymaster for the bids of another person to the amount of $6. In August, 1823, Stevens, *in the name of Gale as sheriff*, commenced a suit against Munson, who confessed a judgment for the sum of $38,94 debt and costs. A portion of the judgment was for the *private demands* of Stevens against Munson. Stevens testified that he was the owner of the judgment; that the suit was prosecuted by him in Gale's name, with his permission, and under an agreement that he would indemnify Gale against all costs. On the 30th September, 1823 the justice issued an execution on the judgment and delivered it to Stevens, who' in October, 1823, assigned the judgment to Moses Cleveland, and delivered the execution to him. On the 15th January, 1824, the defendant in this cause called on the justice with the execution, and asked for a renewal of it ; the justice renewed it and delivered it to the defendant, who collected the money and paid it to Cleveland. After the renewal of the execution, and previous to the payment of the money to Cleveland, the plaintiff Gale forbade the defendant to pay the money to Cleveland. If further appeared that Gale was ruled to return the execution against E. Wilson, and that Ste-

vens, as deputy, made a return certifying that he had made the sum of $28,99, and as to the residue *nulla bona ;* but he did not pay over the money to the sheriff or to the plaintiffs in the execution. The defendant objected to parol evidence of the execution delivered to the defendant ; the court decided that notice proved to have been given on the joining of the issue to produce the execution on the trial before the justice was sufficient and operative in the common pleas. The defendant also objected to proof of the execution, because mention was not made of it in the justice's return ; this objection was also overruled. The defendant also insisted that the evidence adduced was insufficient to charge him with neglect in not returning the execution ; the court held that the evidence was *prima facie* sufficient, and refused to nonsuit the plaintiff: to which several decisions the defendant excepted. The jury, under the charge of the court, found that the defendant did owe the plaintiff $38,39, and also found six cents damages and six cents costs. The plaintiff entered judgment " for his said debt and his damages aforesaid to $38,45, by the jury in form aforesaid assessed," and also for $55,70 for costs of increase ; stating the damages, costs and charges in the whole to amount to $94,27.

*C. L. Allen,* for plaintiff in error. Evidence of the execution on which the defendant was sought to be charged was inadmissible, it not being mentioned in the justice's return (18 Johns. R. 388.) Parol evidence of its contents ought not to have been received. (9 Johns. R. 146. 12 id. 221. 13 id. 529. 16 id. 193. 20 id. 144.) The action was prematurely brought; the defendant had ninety days within which to return the execution, and yet, in less than ninety days after 15th January, the suit against him was commenced. (6 Cowen, 650.) Stevens was the *bona fide* owner of the judgment, and Gale was but a nominal party. Te debt found by the jury was for a different sum than the judgment rendered. The judgment in the C. P. is erroneons, the *debt and damages* being added together. (5 Cowen, 678.)

*S. Stevens,* for defendant in error. The nature of the action was such as to render notice to produce execution un-

NEW-YORK,
May, 1830.

Wilson
v.
Gale.

necessary : but if notice was requisite, that given on the join-
ing of the issue before the justice was sufficient. (1 Phil.
Ev. 391. 14 East, 274. 4 Taunt. 865. 1 Campb. 143. 13
Johns. R. 90. 6 id. 19.) The execution not having been
given in evidence before the justice could not be mentioned
in his return. The judgment was not only in the plaintiff's
name, but for his benefit ; and the defendant had due notice
of the fact. The suit was not prematurely brought ; forty
days had expired, within which time the defendant ought to
have levied. (Statutes, Laws of 1818, page 81, § 11.) The
fact of the constable obtaining a renewal of the execution was
*prima facie* evidence that it had been before in his possession.
Stevens, by mixing up his own demands with those of the
plaintiff, lost his rights over them, at least so far as that he
could not control the judgment. (2 Kent's Comm. 298. 2
Johns. Ch. R. 180.)

*By the Court,* SAVAGE, Ch. J. The notice given to pro-
duce the execution, if necessary, was sufficient ; a notice to
produce a paper on the trial generally is good *whenever* the tri-
al comes on. (6 Johns. R. 19,) But I think notice was
unnecessary. Where the possession of a paper by the de-
fendant is one of the grievances charged in the plaintiff's dec-
laration, it is unnecessary to give any other notice than the
action itself implies ; (Anthon's N. P. 66, 4 Taunt. 868 ;) as
in trover for a written instrument, the action itself is notice.
(14 East, 274.) Here the action is not trover for the exe-
cution, but it is predicated on the defendant's wrongful de-
tention of the paper—his neglect to return it.

The evidence does not shew that the execution when first
issued went into the hands of the defendant ; but it appears
that it was in his hands when it had run out, and that he him-
self produced it to obtain a renewal. This can properly be
done only where the officer cannot find sufficient property to
levy on. It was certainly *prima facie* evidence against him.
The fact that it was in his possession was indisputable ; and
the presumption is that he would not have received it unless
he had had sufficient time to levy and collect the money ac-
cording to law. If the fact was otherwise, he should have
shewn it in his defence.

It could not be expected that the justice would mention the execution in his return; he could not, as it was not in evidence before him, nor was it offered in evidence and rejected by him.

It is now objected that the action was *prematurely* brought; this assumes that the execution was not in the hands of the defendant until it was renewed. If the fact were so, as before observed, it should have been shewn in the court below, where possibly it could have been met by testimony shewing a waiver of such defence. But I consider the testimony sufficient *prima facie* to shew that the defendant had the execution during its life before the renewal.

The common pleas gave their opinion to the jury that Gale and not Stevens was the owner of the judgment; and if the judgment included a demand due to Stevens, that did not give him the control of it. The court charged correctly. It is evident that the plaintiff, as sheriff, was responsible for the amount of Munson's bid, and as Stevens had not paid over the money, there is no pretence for his saying that he owned the judgment; and it is also true that if he included in the judgment a demand due himself, that did not give him the right to control it. If the judgment had been paid to Gale, Stevens would have had a claim against him for the amount thus received which belonged to him.

There were some other points raised below which are not insisted on here; I shall therefore not discuss them.

It is said, also, that there is a technical clerical error in the record; but it is one which, if it exists, may be amended, and judgment should not be reversed on that ground. I am therefore of opinion that judgment should be affirmed.

Judgment affirmed.