By the Court. Hoffman, J.
The plaintiff was regularly commissioned by the governor of Ohio, under the laws thereof, to act as commisioner in the state of New York, to take testimony, acknowledgments, etc.
.He was employed by the defendants to take testimony in a case depending in one of the courts of Ohio, in which they were plaintiffs, and J. A., Harmon and George Knight were defendants. Having received the commission and instructions, he commenced, under one notice to the opposite parties, on the 8th of November, and adjourned to the 10th. Afterwards another notice, served in Ohio on the 23d of January, for the 31st, was laid before him. It was stated that Mr. Hamblin, one of the plaintiffs, was to be examined under it, but he was sick, and, until he recovered, the examination could not go on.
No particular directions were given to the plaintiff by the attorney leaving the notice. This notice, it is to be observed, was *513 served in Ohio upon the attorney there. It apprised him that the depositions would be taken from day to day before the commissioner in New York, until they were all completed.
The instructions provided, “ that adjournments may b.e allowed if they are provided for in the notice, and there be a necessity therefor. If there be adjournments, they must be from day to day only, and the officer must note the fact, and also state the necessity therefor: this noticing shall be at the close of each day.”
There is some indefinite evidence as to what the attorney of the present defendants communicated to the plaintiff, as to the cause standing over until the proposed witness got well. It is not sufficient to prove that such attorney relieved the plaintiff from the duty, otherwise incumbent upon him, of keeping the commission alive by regular adjournments.
A document was laid before the referee, marked exhibit E, and the question in the case is as to its admissibility. It purports to be a record, kept by the plaintiff, of his entries of the various adjournments of the cause, stating the necessity therefor, and noting each at the end of the day, according to the instructions. It is proven to be in the handwriting of the plaintiff. It is also proven that he had neither clerk nor partner, and there is some slight evidence from one who occupied the same office, that he occasionally saw a paper in or on the plaintiff’s port-folio similar to this exhibit. That document closes with an entry of the 11th of March; that Mr. Hamblin (one of the plaintiffs- in the suit in Ohio) told him that he (the plaintiff) had better discontinue the adjournments ; that the claim had been assigned. Hamblin states that he may have told him that the claim had been assigned.
The sole question is, whether the record of the adjournments kept by the plaintiff is admissible as presumptive evidence of the adjournments?
The principle of the rule which admits official registers, entries, or books to be given in evidence, is, that they are made by authorized and accredited agents, appointed for that purpose. Those in question were made in the discharge of an official duty. The neglect of such an entry, if it had involved the loss of the cause, or the expense of a new commission, would have been a breach of his official obligation, as well as the neglect of his private agency for the parties. (Greenleaf on Evidence, § 483.)
*514 The distinction is of course obvious, that such official entries are admitted in evidence between third parties. Here it is offered to sustain the claim of the party making them.
But we have a familiar case of even private entries being allowed in shop-books, in the party’s own writing. (Greenleaf, 117, etc.)
The cases cited by the plaintiff’s counsel prove the general rule to be, that when a person is required to do a certain act, the omission of which would make him guilty of a neglect of duty, it ought to be intended that he has duly performed it, unless the contrary be proven. (19 John. Rep. 345; 4 Wendell, 623; 10 East. 216.)
‘ We have, in this case, a public officer appointed under the law of a state. He was employed to act in his official capacity by the defendants. In fulfilling his duties to them, he was bound to make the entries of his adjournments. The only existing mode of proving these entries is his record. There is nothing to cast a suspicion upon their integrity. There is a little corroborative evidence to support them.
We are of opinion that the exhibit ought to have been received in evidence by the referee.
Judgment reversed, the referee’s report set aside, and a new trial ordered, with costs to abide the event, unless the parties com sent to an order that the cause be sent back to the referee, upon the proofs already taken, .to the end that he may find in conformity with the judgment of the court; in which case the costs of the appeal are to abide the event.