EDMUND W. HOWELL, APPELLANT, v. WILLIAM
HUYCK, IMPLEADED, &c., RESPONDENT.

*Parol evidence—Notice to produce Written Instrument—Pleadings.*

APPEAL from the Supreme Court, Eighth District. The action
was brought to foreclose a mortgage executed by one Charles B.
Howell, a brother of the Plaintiff, upon land which was after-
wards purchased by the Defendant. This mortgage was made to
one Grunnendike, who assigned it, with all his other property, to
L. N. Bangs, Charles B. Howell (the mortgagor), and Isaac H.
Jameson, in trust for the benefit of creditors. In December, 1856,
Charles B. Howell paid the amount due on the mortgage to L.
N. Bangs, one of his co-trustees; and some time afterwards Bangs
delivered the mortgage to him.

While the mortgage was thus in his possession, Charles B. How-
ell sold the land to a Mrs. Mills, who conveyed it to the Defend-
ant, in 1858, by a deed making no mention of this mortgage. The
mortgage was never cancelled of record. After the conveyance
to the Defendant, the Plaintiff brought an action against the as-
signees of Grunnendike, to compel·an assignment of this mort-
gage to himself; and such assignment was executed, under the
judgment of the Court, in 1859.

Testimony was given by the Plaintiff to show that he advanced
to Charles B. Howell the money with which the mortgage was paid,
under an agreement that it should be assigned to him. Bangs,
the trustee, who received the money, denied that this agreement
was made known to him until long afterwards.

On the trial the Defendant asked the Plaintiff to produce the
mortgage, which the Plaintiff declined to do, because notice to
produce it had not been given. The referee held that the form of
the pleadings was sufficient notice, and allowed the Defendant to
give oral evidence of endorsements of payments on the mortgage.
To this ruling the Plaintiff excepted.

The Defendant offered evidence of the declarations of Charles B. Howell, while the mortgage was in his hands, and after it had been paid to the assignee, to show that it had been fully paid. The referee allowed the testimony, under exceptions, for the purpose of qualifying Howell's possession, but not as evidence of payment.

The pleadings are material only with reference to these rulings. The complaint alleged that the mortgage was " assigned and transferred to the Plaintiff," and " that he was the lawful owner and holder thereof." These allegations were specifically denied by the answer, which also alleged payment to Grunnendike's assignees. There is nothing else in the pleadings bearing upon these points.

The Defendant recovered judgment in his favor, which was affirmed at the General Term, and he now appeals to this Court.

*George G. Munger* for Appellant.

*A. Ballard* for Respondent.

FULLERTON, J. (dissenting).—According to elementary writers, there are three cases only in which notice to produce a paper required on the trial of an action, in the possession of the opposite party, is not necessary.

Mr. Greenleaf, in his treatise, thus states them:

1. Where the instrument to be produced, and that to be proved, are duplicate.originals.

2. Where the instrument to be proved is itself a *notice ;* and—

3. Where, *from the nature of the action*, the Defendant had notice.that the Plaintiff intends to *charge him with possession of the instrument.*

In Cowen & Hill's Notes (note 843), the same thing is stated somewhat differently: " In general, where the possession of a paper by the Defendant is one of the grievances *charged in the Plaintiff's declaration*, it is not necessary to give any other notice to produce than the action itself implies." The rule thus stated is simple, and easy of application. It plainly applies to those cases, and those only, where one party, *in his pleadings*, charges the other, directly, with the possession of the instrument

which is the subject of the action, or where the nature of the action is such that it amounts to a notice that he intends, on the trial, to charge him with such possession.

This rule has been frequently applied. The Plaintiff was permitted, without notice, to prove the contents of bonds, in a case where, in his declaration, he charged the Defendant with converting them (McClean *v.* Hertzog, 6 Sergeant & Rawle, 154; and see 1 Camp. N. P. 143; 3 B. & P. 143).

An execution was proved in like manner, in an action against a constable, for neglecting to return it (Wilson *v.* Gale, 4 Wend. 623). In a case, also, where the Plaintiff charged the Defendant, in the complaint, with entering his office and carrying away a bill of lading, the contents of the instrument were proved by parol, without notice to produce (Gilmore *v.* Wale, Anth. N. P. 87).

In an action on a note, the Defendant gave notice, with the plea, that he would prove the note usurious, and that the extra interest was contained in a small note which was given to the Plaintiff at the same time with the one declared on, and he was permitted to prove the contents of the latter note (Hammond *v.* Hopping, 13 Wend. 505).

In the foregoing instances, and many others that might be quoted, the instrument which was the subject of parol proof, was charged in the pleading to be *in the possession of the adverse party, or it was plainly manifest from the pleadings that it would be required on the trial of the action;* and it will be seen that such an allegation is a vital element in a case, in order to apply the rule. Hardin *v.* Kretsinger (17 Johns. 294), was an action of covenant for the non-payment of $150 in obligations. The defence was that the obligations had been delivered, and the covenant satisfied. The pleadings are not in the case. The Plaintiff's counsel objected to giving evidence of the receipt of the notes by the Plaintiff, without notice to produce them, and the objection was overruled. On appeal, the Court said: " The case does not state the nature of the pleadings, and we ought to intend that the Defendant *either pleaded,* or *gave notice that he would give in evidence, that he had delivered to the Plaintiff,*

*pursuant to the covenant*, obligations amounting to $150, which were then and there accepted. . . . If so, then the principle of the case of The People *v.* Holbrook applies (13 Johns. 92). After reviewing all the cases, we held that in an action of trover for bonds or notes, no notice to produce the thing sought was necessary; and that where the form of the action gives the party notice to be prepared to produce the instrument, if necessary to falsify the testimony of the other party, it is not necessary to produce the instrument. The *form of the pleading, we must presume, gave the Plaintiff notice that he had received and had in his possession, obligations* to the amount of more than $150; he was bound, then, if he would falsify the allegation, to have come prepared to produce them."

The same rule has obtained in criminal cases. In indictments for stealing written instruments, the prosecutor need not give notice to produce them, but is permitted to give parol evidence of their contents (The People *v.* Holbrook, 13 Johns. 90; Commonwealth *v.* Messinger, 1 Binn. 273; Alexander *v.* Coulter, 2 Serg. & Rawle, 494; Moore *v.* Commonwealth, 2 Leigh, 701).

On the other hand, where an action was brought against an officer for money collected on an execution, *and the declaration was general for money had and received*, the Court held that the Defendant was entitled to notice to produce the execution (Gorham *v.* Gale, 7 Cow. 739).

And where the Plaintiff declared for a breach of an agreement, in not keeping fair and regular books, and it appeared on the trial that Defendant kept a large number of books, all except one of which were produced, it was held that parol evidence of the contents of the absent book could not be admitted without notice—*the declaration not being sufficient to apprise the party that it was wanted.*

In this case the Plaintiff in his complaint alleges that the bond and mortgage had been " duly assigned and *transferred* " to him, and that he was, at the time of the commencement of the action, "the owner and holder thereof."

These allegations are all *distinctly* denied. The answer also sets up that the Defendant had paid the bond and mortgage to the

assignees of the mortgagee, who thereupon executed a proper discharge of the mortgage, and delivered the same to the mortgagor, and surrendered the bond to be cancelled, and that it was thereupon cancelled and destroyed. Here the Defendant, instead of alleging that the mortgage was in the possession of the Plaintiff—which it was necessary for him to do, in order to avail himself of the benefit of the rule above stated—denies the fact from which possession might be inferred, and claims in his answer that it had been discharged.

If, instead of this, he had answered that the mortgage, though discharged, was in the possession of the Plaintiff, and that the payments which had satisfied it were endorsed thereon, then a case would have been presented where parol testimony would have been allowed, without a notice to produce the instrument. As it stood, the answer did not give the Plaintiff to understand that the production of the mortgage would in any way aid him in making out his defence. It was in no way intimated that any payments, or any receipt for the money paid, had been endorsed upon it. On the other hand, he was informed by the answer that the mortgage was paid and discharged. This does not by any fair interpretation imply that receipts were given for the money paid, much less that the payments appeared on the mortgage; or that it was discharged by anything that an inspection of the instrument would disclose. Again, it is well known that a mortgage is usually satisfied or discharged by an instrument separate and apart from the mortgage itself—the debtor taking no receipt whatever for the money paid.

The Plaintiff knew that he could make out his case without the production of the mortgage, and having had no intimation from the adverse party that he relied for his defence upon its production—on the contrary, having been informed by the answer that his ownership was denied—he was not bound, even admitting that he had it in his possession, to produce it on the trial. The referee therefore erred in admitting the testimony objected to.

But it is said that the papers which are the subject of this action, were presumed not only to be in the possession of the Plain-

tiff, but also to be present in Court, and therefore no notice was necessary. The presumption that papers are present in Court is never indulged in, except in the class of cases I have already considered, where the complaint or answer had charged that they were in the possession *of the adverse party*, and it appeared that they would be required on the trial. Such a presumption could scarcely be indulged in favor of the Defendant, in this case, when we consider that the Plaintiff had actually proved, before the parol testimony was offered in support of Defendant's answer denying that the Plaintiff was the "holder" of the mortgage, that the mortgage, when paid in 1856, was handed to Charles B. Howell, the mortgagor, and was afterwards, in October, 1857, again seen in his possession.

The remaining question in the case arose on an offer to prove the declarations of Charles B. Howell, in October, 1857, when the mortgage was in his possession, *that it was paid*. This was objected to, and the referee held that the testimony was not competent upon the direct issue, but that he would receive it only *for the purpose of · qualifying Howell's possession* of the mortgage. To this an exception was taken. I confess I am unable to see the distinction taken by the referee. Of what importance could it be in trying the issue of payment, to learn the character of Charles B. Howell's possession of the mortgage, except as it tended to prove that issue? There was no other issue in the case, and evidence qualifying the character of Howell's possession was either irrelevant or tended to prove payment of the mortgage. If merely irrelevant, the judgment would not be disturbed in a case of this character. But the testimony was pertinent to the issue.

The learned Judge who delivered the opinion in the Court below, says : "His possession of the mortgage was consistent with either of the two relations to it; the one, that he was holding it as trustee for Grunnendike's creditors under the assignment; the other, as mortgagor after payment and satisfaction. Under such circumstances, for the purpose of qualifying his possession, the declaration accompanying the exhibition of the papers was part of the res gestæ, and, it seems to me, might well be given to

rebut the presumption that he held the papers as assignee, in trust."

The learned Justice, in using this language, overlooked the important fact that the amount of the mortgage had been fully paid by Charles B. Howell himself, *the year prior to the conversation* sought to be proved. After such payment there could have been no pretence that the *mortgage* was held *in trust for creditors,* nor was there any such suggestion on the trial. The testimony, therefore, was not proper, to meet the presumption suggested, because no such presumption could arise. Then, according to the argument, the testimony was proper, to show that Howell held the mortgage after *payment and satisfaction, as a cancelled instrument.* What is this but proving payment, which is the vital question involved in the case?

The learned Judge in the Court below admits that the declarations were not competent for the purpose of proving payments.

It appears plain, however, that they were received for that purpose *indirectly,* when it is conceded that it was for the purpose of showing that Howell held the "bond and mortgage, as mortgagor, after payment and satisfaction," because no conceivable use could be made of that fact, except to infer payment.

The purpose, therefore, for which the referee received the evidence was improper.

The judgment should be reversed, and a new trial granted.

Opinion for affirmance was read by WRIGHT, J., but has not been filed in the office.

For affirmance, WRIGHT, DAVIES, BOCKES, PARKER, GROVER, and HUNT, JJ.

For reversal, FULLERTON, J.

PORTER, J., takes no part.

No head-note can be prepared for this case, as the views of the Court have not been put on file.

<div align="right">

JOEL TIFFANY,
State Reporter.