Syllabus.

# FRANCIS CASSADY *et al.*

## *v.*

# TRUSTEES OF SCHOOLS.

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

1. OFFICIAL BONDS—SURETIES—EVIDENCE—*condition of liability of surety on school treasurer's bond—principal not served.* The sureties on a school treasurer's bond, in an action thereon, can not object to evidence showing a breach of the conditions of the bond by the principal because he has not been served with process, or is not within the jurisdiction of the court, or because his defalcation has not been established by a judgment against him. The obligation of a surety on such bond is not collateral, but a direct one.

2. So the want of service on the principal, in an action on a school treasurer's bond, will not affect either the *quantum* or character of proofs necessary to make out a case against the sureties. Whatever would show a breach of the condition of the bond by the principal will establish the liability of his sureties, whether he is in court or not.

3. SAME—*obligation is joint and several.* Section 13, chapter 103, of the Revised Statutes, relating to official bonds, in effect says, that for any breach of such a bond a suit may be brought, and prosecuted to final judgment, against the principal and his sureties, or any one or more of them, or against one of the sureties or any number of them less than all, or against all the sureties, without first obtaining judgment against the principal.

4. SAME—*when liability of surety is secondary—construction of the statute.* Section 14 of the same law has no application except to cases where a judgment has been obtained against the principal and some one or more or all of the sureties. In such case the officer is not permitted to levy on the property of the surety or sureties until he has exhausted the property of the principal. When the plaintiff has been unable, or has failed, to obtain judgment against the principal, that section has no application.

5. SAME—*evidence against sureties—entries by school treasurer in his record.* The entries made by a school treasurer in the books of his office, showing his receipts and disbursements of the school money, and other official acts, even those made prior to the execution of his bond on which the suit is brought, are admissible in evidence against his sureties as well as himself.

6. Where the books upon which the entries of a public officer are made are such as the law requires to be kept, so that they constitute the official record of the acts performed by him in the discharge of his official duties, such entries are, on general principles, admissible in evidence for or against

all persons having any interest in them or the facts to which they relate, including the officer and the sureties on his bond.

7. EVIDENCE — *admissibility of proof of what party testified to on former trial.* Evidence of what an officer testified to, on a former trial, in an action on his official bond, as to when his alleged defalcation took place, when he, at the second trial, is absent from the State, is properly rejected, when it does not appear but that his sureties knew of his whereabouts in time to have taken his deposition in the case.

8. PRACTICE—*judgment where only a part of several defendants are served.* Where several are sued upon a contract, and service is had on part of the defendants only, the statute expressly authorizes the plaintiff to proceed with the case as to those served; in such case, however, he must prove the cause of action against all the defendants sued, the same as if all were duly served.

9. INTEREST—*on moneys in hands of officer refusing to pay over.* In all cases where a public officer appropriates and converts to his own use moneys which he holds in his official capacity, and upon proper demand refuses to pay over to the party or parties entitled to receive the same, such officer and his sureties will be liable on his official bond for the amount of such moneys, with interest thereon at the rate of six per cent, from the time of such conversion.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEO. S. HOUSE, for the plaintiffs in error:

The liability of a surety on an official bond is collateral, and not direct. The surety's liability on such a bond is the same as that of a surety on administrator's, executor's or guardian's bond, and governed by the same rule. Before the passage of the 13th section of the chapter of the Revised Statutes entitled "Official Bonds," it was necessary to establish the liability of the principal before suing the surety on the bond. *Briggs* v. *Postlewait,* Breese, 154; *Braxton* v. *Winslow,* 1 Washb. 31.

Since the passage of that statute, in order to recover against a portion of the obligors in the bond the principal

must be a party to the judgment. This is manifested by section 14 of the act, which provides that execution may issue on any judgment so rendered, but that the officer executing the same shall not levy upon the property of the surety until he shall fail to find sufficient property of the principal to satisfy such execution.

It is the established law that the sureties of a public officer can not be held liable for moneys received by such officer before the execution of the bond, unless the money remained on hand at the time of the execution of the bond. *Inhabitants* v. *Randall*, 105 Mass. 295; *Farrar* v. *United States*, 5 Pet. 374; *United States* v. *Boyd*, 15 id. 298; *United States* v. *Eckford's Exrs.* 1 How. 262; *United States* v. *Body*, 5 id. 48; *Bruce* v. *United States*, 17 id. 443; *Nolley* v. *County Court*, 11 Mo. 287; *State* v. *Rhodes*, 6 Nev. 352; *Mahaska* v. *Ingalls*, 16 Iowa, 85; *Bessinger* v. *Dickenson*, 20 id. 261; *Paw Paw* v. *Eggleston*, 25 Mich. 36; *Detroit* v. *Webber*, 29 id. 24; *Bissell* v. *Sexton*, 66 N. Y. 55; *Patterson* v. *Inhabitants*, 38 N. J. L. 256; *Vivian* v. *Otis*, 24 Wis. 518.

The entries in the cash book made by the principal subsequent to the execution of his bond were proper evidence in this suit, but not the entries made prior to the date of the bond in suit, as against his sureties. *Kagay et al.* v. *Trustees*, 68 Ill. 77; *City of Chicago* v. *Gage et al.* 95 id. 628.

The court should have admitted proof of what the principal testified to on a former trial of this case.

Interest can not be recovered in this State except where the statute authorizes it. *Madison County* v. *Bartlett*, 1 Scam. 67; *City of Pekin* v. *Reynolds*, 31 Ill. 529; *Illinois Central R. R. Co.* v. *Cobb et al.* 72 id. 148; *City of Chicago* v. *Allcock*, 86 id. 385; *Bedell* v. *Janney*, 4 Gilm. 193; *Chapman* v. *Burt*, 77 Ill. 337; *Bradley* v. *Geiselman*, 22 id. 494; *Chicago and Northwestern R. R. Co.* v. *Schultz*, 55 id. 421.

Messrs. HILL & DIBELL, for the defendants in error:

The liability of a surety upon an official bond is direct, and not collateral, and he may be sued, and prosecuted to judgment and execution, without joining the principal, or establishing the liability of the principal by obtaining judgment against him alone.   Rev. Stat. 1874, chap. 103, sec. 13; DeColyar on Guaranty, 215, 216; *Taylor* v. *Beck*, 13 Ill. 376; *People* v. *Harper*, 91 id. 375; *Governor* v. *Perkins*, 2 Bibb, 395; *Smith* v. *Commonwealth*, 59 Pa. St. 320.

In case of official bonds, except executors and administrators, a judgment against the principal, in a suit to which the sureties are not parties, is not admissible against the sureties in a suit upon the bond.   *Pine* v. *Webster*, 14 Cal. 202; *Governor* v. *Shelby*, 2 Blackf. 26; *White* v. *The State*, 1 id. 557; *Thomas* v. *Hubbell*, 15 N. Y. 405; *Douglass* v. *Howland*, 24 Wend. 52; *Fireman's Ins. Co.* v. *McMullin*, 29 Ala. 167.

When summons is served on one or more, but not on all the defendants, the plaintiff may proceed to judgment against those served, and afterwards have summons in the nature of a *sci. fa.* for those not served, to make them parties to the judgment.   Rev. Stat. 1874, chap. 110, sec. 9.

Books kept under the authority of particular statutes, or in public offices in the course of official duty, are a species of public documentary evidence, admissible as original evidence in all cases when they are pertinent to the issue.   1 Phillips on Evidence, 243; 1 Greenleaf on Evidence, secs. 483-485; *Kyburg* v. *Perkins*, 6 Cal. 674; *Dikeman* v. *Parrish*, 6 Pa. St. 210; *Thornton* v. *Campton*, 18 N. H. 20; *Groesbeck* v. *Seeley*, 13 Mich. 341; *Bissell* v. *Hampton*, 6 Duer, 512; *Cawley* v. *People*, 95 Ill. 262.

The books offered in evidence were kept by Tighe, as treasurer, under the authority and by the direction of the statute law of the State, and were therefore admissible as official books or entries made in the course of official duty.   School Law of 1874, chap. 122, sec. 56.

Interest is allowed upon money due upon any bond, bill, promissory note, or other instrument in writing, and upon money received to the use of another, and retained without the owner's knowledge. *Massachusetts Mutual Life Ins. Co.* v. *Robinson*, 98 Ill. 330; *Stern* v. *People*, 102 id. 540; *United States* v. *Curtis*, 100 U. S. 119.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 9th of March, 1882, the trustees of schools of township 35, range 10, Will county, recovered a judgment in the Will circuit court against Francis Cassady, William Davidson, Mathew Tuohey, and John Ryan, sureties on the official bond of Nicholas D. Tighe, late school treasurer of said township, for $30,000 debt, and $13,213.46 damages, together with costs of suit, which, on error to the Appellate Court for the Second District, was affirmed, and the sureties on the bond bring the case here for review.

It appears from the record that Tighe was appointed by the board of trustees school treasurer for three successive terms, and that he gave three separate bonds as such, the first bearing date October 5, 1874, the second, March 1, 1876, and the third, March 29, 1877; that on or about the 27th of June, 1877, and before the expiration of his last term, the board of trustees, for cause, removed him from office, and appointed one W. D. Fay his successor; that upon an examination of the treasurer's books, as kept by Tighe himself, after rejecting certain fictitious credits, amounting in the aggregate to $10,778.79, he was found to be largely in arrears with the township, and on his refusal to pay the same after a formal demand by his successor, the present suit was brought against him and his sureties on his last official bond, service being had on the sureties only, with the result already stated.

On the trial in the circuit court the controversy was chiefly confined to a single issue of fact,—namely, whether the defalcation complained of occurred under the last bond. The

court found this issue in favor of the plaintiff, and rendered judgment accordingly, which being affirmed by the Appellate Court, conclusively settles the same adversely to the plaintiffs in error.    Indeed, all controverted questions of fact are in like manner settled against them.    It follows, therefore, our present inquiries will be confined to questions of law exclusively.

On the trial in the circuit court the sureties objected to all evidence which tended to show a breach of the bond by Tighe, the principal, on the ground that the latter not being before the court, or within its jurisdiction, such defalcation could only be established by producing a judgment against the principal.    The objection, however, did not prevail, and the ruling of the court on that question is one of the errors assigned.    The objection in question is based upon the assumption that the obligation of a surety on a school treasurer's bond, like the one sued on, is a collateral and not a direct undertaking.    We understand the reverse of this to be the law, and so hold, hence the objection to the evidence was properly overruled.    Rev. Stat. chap. 103, sec. 13; *Taylor* v. *Beck*, 13 Ill. 376; *People* v. *Harper*, 91 id. 357.

The fact that the officer had failed to obtain service on the principal, did not at all affect either the *quantum* or character of proofs necessary to make out a case against the sureties. Whether the principal was or was not before the court, the procedure and rules of evidence as to the sureties would be the same.    Whatever would show a breach of the condition of the bond by the principal, would, in either case, establish the liability of the sureties thereon.    Where several are sued upon a contract, as was the case here, and service is had on part of the defendants only, our statute expressly authorizes the plaintiff to proceed with the cause as to those served; yet in doing so the plaintiff must prove the cause of action precisely in the same way he would be required to do if all the defendants were served with process.    The plaintiff, in

such case, must prove a cause of action against all the defendants sued and declared against, whether served or not, otherwise he will not be entitled to judgment against any. Rev. Stat. chap. 110, sec. 9.

There is nothing in the 13th section of chapter 103 of the Revised Statutes, above referred to, which requires judgment to be obtained against the principal before proceeding to judgment and execution against the sureties. What the legislature intended by that section to say, and in effect does say, is, that for a breach of any condition of the bond a suit may be prosecuted to final judgment against the principal and his sureties, or any one or more of them,—that is, such suit may be brought against the principal alone, or against the principal and one or more or all the sureties combined, or such suit may be brought against one of the sureties, or any number of them less than all, or against all the sureties combined, without first obtaining judgment against the principal. Nor is there anything in the 14th section which conflicts with this view. That section has no application except to cases where a judgment has been obtained against the principal and some or all of the sureties. In such cases the officer is not permitted to levy on the property of the surety or sureties until he shall have first exhausted the property of the principal; but where the plaintiff has been unable, or for other good reason has failed to obtain judgment against the principal, the 14th section has no application. To give these sections of the statute the construction contended for, would, in the case of an absconding bankrupt principal, be to destroy all remedy whatever on the bond, and the very statement of such a proposition shows it can not be the law.

It is also earnestly insisted that the entries made by Tighe in the books kept by him as treasurer, showing his receipts and disbursements of the school money, and other official conduct, and especially such entries as were made by him prior to the execution of the bond sued on, were improperly

admitted in evidence against the sureties. We do not think so. The books in which these entries appear are such as the law requires to be kept, and they constitute the official record of the treasurer's office, and of all acts performed by him in the discharge of his official duties, and are therefore, on general, well recognized principles, admissible in evidence for or against all persons having any interest in such entries or the facts to which they relate, including the treasurer and the sureties on his bond. 1 Greenleaf on Evidence, sec. 483, *et seq.* 491–498; 2 Phillips on Evidence, 243; *Thornton* v. *Campton*, 18 N. H. 20; *Bissell* v. *Hampton*, 6 Duer, 512; *Cawley* v. *The People*, 95 Ill. 249.

It is further complained that the trial court erred in refusing to admit evidence of what Tighe swore on a former trial of the cause, with respect to the time when the defalcation occurred. It appears that at the time this evidence was offered Tighe was in Memphis, Tennessee, beyond the jurisdiction of the court; but how long he had been there, or when the plaintiffs in error first acquired notice of his whereabouts, is not shown. For aught that appears, the plaintiffs in error may have had ample time to take his deposition, and thus availed themselves of his testimony at the trial, had they seen proper to do so; and since nothing appears to the contrary, we must presume that such was the case. Even conceding the former testimony of a living witness beyond the jurisdiction of the court may, under special circumstances, be shown on a second trial, as is permitted to be done in some of the States, still, under the circumstances here shown, the court below was clearly right in excluding the testimony.

The objection that interest was improperly allowed on the amount of the treasurer's defalcation, is not tenable. It may be stated as a general proposition, founded upon the general provisions of our statute relating to this subject, and upon the previous decisions of this court, that in all cases where a public officer appropriates and converts to his own use

moneys which he holds in his official capacity, and upon proper demand refuses to pay the same over to the party or parties entitled to receive the same, such officer and his sureties will be liable on his official bond for the amount of moneys thus converted and appropriated, with interest thereon at the rate of six per cent per annum, from the time of such conversion until paid. *Stern et al.* v. *The People*, 102 Ill. 540.

     The judgment will be affirmed.

*Judgment affirmed.*