### Thomas A. Bedwell et al. v. Andrew Ashton et al.

1. PRACTICE—*In Suits Against Two or More Defendants.*—Where several persons are sued in an action *ex contractu*, the plaintiff must prove a cause of action against all defendants sued and declared against, whether served with process or not, otherwise he will not be entitled to judgment against any.

2. IDEM SONANS—"*Claes Lundine*" *and* "*Chas. Lundine.*"—In the absence of proof that Claes Lundine and Chas. Lundine are one and the same person, as the two names are not *idem sonans*, the court will not assume that they are so.

3. VERDICTS—*Direction for the Defendant, When Proper—Liability.*—When the plaintiff fails to prove the joint liability of all the parties made defendants to the suit, the action of the court below, in excluding the evidence and directing a verdict for the latter, is proper.

**Assumpsit,** on an account. Appeal from the Circuit Court of Win- nebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed Feb- uary 1, 1900.

J. E. GOEMBEL, W. H. SIZER and ROBERT REW, attorneys for appellants.

R. K. WELSH and H. P. HOLLAND, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit, by appellants against appel- lees, for the balance due on an account for wood and coal alleged to have been furnished by the former to the latter between January 1, 1893, and March 17, 1894.

The declaration charged that appellees were, at the time the wood and coal were furnished them, partners doing busi- ness under the firm name and style of Co-operative Supply

Company.    There was a plea of the general issue, and also
a special plea denying joint liability by certain of the
defendants.    It was shown by the evidence that about
September 20, 1886, some seventy or eighty persons took
certain preliminary steps toward the formation of a cor-
poration to be known as the Rockford Co-operative Sup-
ply Company, or the Co-operative Supply Company, for
the purpose of engaging in the fuel and general supply
business in Rockford, Illinois.    It appeared probable that
a certificate of the organization of such a corporation was
issued by the Secretary of State, but if so the same
was never placed on record in the office of the recorder
of the county where its place of business was located, as
required by law.    The Supply Company continued in busi-
ness from 1886 until 1894, when it went out of business,
owing appellants the sum of $533.29.    This suit was com-
menced in December, 1898, some four years after the com-
pany had ceased doing business.    On the trial below, after
the close of appellants' evidence, appellees entered a motion
requesting the court to strike out all the evidence introduced
in the case by appellants and instruct the jury to find the
issues for appellees.    Appellees assigned as reasons why
their motion should be granted, " That the evidence intro-
duced by the plaintiffs, and all of it, is totally insufficient to
prove their case; that plaintiffs have not established any
joint liability, as alleged in their declaration, on the part of
the said defendants; that plaintiffs have not proved that all
of the defendants to said case are jointly liable; that it
affirmatively appears from plaintiffs' evidence that said
defendants were not all jointly liable; that it affirmatively
appears from plaintiffs' evidence, on plaintiffs' own theory,
that no joint liability exists, and that all parties who are
jointly liable are not made defendants, and that it affirma-
tively appears that the said defendants are not liable in any
manner or degree, as alleged in plaintiffs' declaration."    The
court sustained said motion and instructed the jury as
requested, and thereupon the latter returned a verdict in
favor of appellees.

It is claimed by appellees that the steps taken by the Supply Company in its attempt to organize, together with the acts subsequently done by it, constituted it a corporation *de facto* as to creditors dealing with it in its corporate capacity, and that in the absence of fraud such creditors could not charge the stockholders as partners with its debt. If the company was really a *de facto* corporation there is much force in the contention that the appellees could not be held liable for its debts. Bushnell v. Consolidated Ice Machine Company, 138 Ill. 67. But waiving the question as to whether or not there was a *de facto* corporation, and assuming that appellants became jointly and severally liable, either as partners or under the statute, for all debts and liabilities made by them and contracted in the name of said company, then before any one of them could be charged with the indebtedness in question, it must be shown that he was a stockholder at the time the indebtedness was contracted, or that he agreed to become liable with the others. Thompson on Corporations, Vol. 3, Sec. 2970.

The account sued on commenced January 1, 1893. It appeared from the stubs of the stock certificate book that no stock was issued to either of the defendants Ryan Tucker or J. Kessler until February 23, 1893, and there is nothing to show that Magnus Lindell was in any way connected with the company until May 8, 1893, when a certificate of stock was transferred to him by James Alberts. J. G. Redmond appears to have been an assignee of stock, but when the transfer was made was not shown. As these parties can not be held bound for that portion of the debt which was contracted prior to the time they became interested in the company, and as there was no proof to show what that portion of the indebtedness was, no joint judgment for any amount could be recovered against them with the other defendants. There was no proof that Claes Lundine, who was made a defendant, was ever a stockholder. The name of Chas. Lundine appears as a stockholder, but the two names are not *idem sonans*, and, in the absence of proof, we can not assume that they are the same person.

There is no proof that L. Sandine, who was made a defendant, was ever a stockholder.

Where several are sued in an action *ex contractu*, plaintiff must prove a cause of action against all the defendants sued and declared against, whether served with process or not, otherwise he will not be entitled to judgment against any. Cassaday v. Trustees of Schools, 105 Ill. 560; United Workmen v. Zuhlke, 129 Ill. 298.

As appellants failed to prove the joint liability of all the parties made defendants to the suit, the action of the court below, in excluding the evidence and directing a verdict for the latter, was entirely proper. The judgment of the Circuit Court is accordingly affirmed.