The People of the State of Illinois for use of Tol A. Smythe, Executor of the Last Will and Testament of W. H. Betts, Deceased, Appellant, v. J. Lem Ballance and National Surety Company, Appellees.

Opinion filed January 4, 1935.

JUNE C. SMITH, of Centralia, and HUGH V. MURRAY, JR., of Carlyle, for appellant.

WARD P. HOLT, of Salem, and WHAM & WHAM, of Centralia, for appellee J. Lem Ballance.

MR. JUSTICE STONE delivered the opinion of the court.

This suit was brought by appellant whose testator was county clerk of Marion county from 1922, to September, 1926, when he died. During that same period, appellee, J. Lem Ballance, was county treasurer of said county and appellee, National Surety Company, furnished his official bond.

The controversy hinges around an item of $1,290.80 which is shown on the semiannual report made by W. H. Betts as county clerk, in June, 1926. The same item appears on page 17 of the book of cash receipts used by the county treasurer's office of Marion county during the time that appellee, J. Lem Ballance, was county treasurer. Appellant contends that W. H. Betts paid this item in June, 1926, in harmony with said semiannual report; that notwithstanding said payment, appellee, Ballance, in December, 1926, represented to Betts' executor that said item had not been paid, and that he collected the amount of the item from him; thus making a double payment—one by Betts in his lifetime and the other by his executor. Appellees contend that regardless of the report and page 17 of the aforesaid record of the county treasurer, Betts never paid the item in his lifetime and that it was never received by appellee, Ballance, until December 6, 1926, when it was paid by appellant. They also contend that it was never credited upon the treasurer's book until the latter date and was then credited as of June 12th, the date of the report as that was where said item belonged.

Stripped of their verbiage, it seems to us that the pleadings fairly present the issue as above outlined.

Prior to starting his lawsuit, appellant obtained a certified copy of page 17 of the treasurer's report

which showed among other things the receipt of $1,290.80 from W. H. Betts on June 12, 1926, without any qualification. Relying upon this record and having positive proof of the payment of December 6th, appellant brought suit to recover back the sum of $1,290.80 together with interest thereon.

Miss Eva Black, an employee, entered the December 6th payment on the treasurer's record. On January 12, 1934, Miss Black, who was then county treasurer, after having issued the certified copy of page 17 aforesaid and after this suit was started, entered in red ink immediately to the side of the original entry of the aforesaid payment, the following:

"This item of $1,290.80 was not received in June, 1926, nor from W. H. Betts but was received from Tol A. Smythe, Executor of the last will and testament of W. H. Betts, deceased in December, 1926, in payment of the amount due Marion County from W. H. Betts, as County Clerk, as shown by his June, 1926 semiannual report. This amendment is made this 12th day of January, 1934, by the undersigned to make this record speak the truth as she knows it to be.

Eva A. Black,
County Treasurer of Marion County, Illinois.''

Appellee's witnesses were not disqualified by reason of interest as contended. *Crimp v. First Union Trust & Savings Bank*, 352 Ill. 93; *In re Estate of Bridge*, 263 Ill. App. 499; *Ackman v. Potter*, 239 Ill. 578.

We are equally of the opinion that the county treasurer's record of the things therein contained is competent legal evidence. *Cassady v. Trustees of Schools*, 105 Ill. 560; *Cawley v. People*, 95 Ill. 249.

This case is therefore brought to a very narrow compass. The treasurer's record is competent. If the true record is without the amendment appellant must prevail. If the true record is as amended, and the treasurer had a lawful right to make said amendment, appellee must prevail.

If Miss Black was a competent witness to give testimony to explain the apparent discrepancy as to the time and circumstances and reasons for making this record as it was made, then her testimony, being uncontradicted as it is, must determine this case. We are inclined to believe from an examination of all the authorities at hand and the absence of express Illinois authorities to the contrary, that she was so competent. We cannot, then, question her knowledge on the subject. It is true that we may wonder why the change had not been made during all the years that she had such knowledge but she testifies positively that she did have such knowledge. If then, she had such knowledge it would be wrong to allow a record of her office to exist as a false record, upon which an innocent party should lose substantial rights. Having knowledge of the error in the record we are of the opinion that she was within her rights in making said record speak the truth. The record as amended being competent evidence, therefore, the trial court did not err in awarding judgment to appellee.

The judgment of the trial court is affirmed.

*Judgment affirmed.*