# HIRAM FENDER *et al.*

## *v.*

## ELIAS B. STILES.

1. PLEADING — *averments in declaration on bond of indemnity.* A and B placed money which they had bet upon a horse race, in the hands of C, as stake-holder. A dispute arose as to which was entitled to the money, A or B. But the stake-holder gave the whole of the money to B, upon his giving him a bond of indemnity against any suit or demand of A in that regard. A afterwards recovered from the stake-holder the money which he had deposited with him. It was *held,* that in an action upon his bond of indemnity, C must aver either that the obligor had notice of the action by A against him, or that A really had a good cause of action on which he recovered, or might have recovered the money.

2. But in this case, it appearing from the bond, which constituted a part of the declaration, that A ought to have recovered the portion of the money which he deposited with the stake-holder, it was enough that the latter averred in his declaration on the bond, that such recovery was had.

3. JUDGMENT *against those, of several defendants, who are served.* Where two only, of three defendants in an action of debt, are served with process, it is proper to take judgment against the two upon whom service was had.

APPEAL from the Circuit Court of Lee county.

This was an action of debt instituted in the court below by Elias B. Stiles, against Hiram Fender, Harvey Wilson and John Deeds, upon a bond executed to the plaintiff by the defendants, in the penalty of one thousand dollars, containing the following condition :

" The condition of the above obligation is such, that whereas the said Hiram Fender, and one Edward Atkins, have, on the day of the date hereof, placed in the hands of said Stiles the sum of $436 each, the whole amount of which was to be delivered by the said Stiles to the said Fender, in case his sorrel horse should outrun the brown mare of said Atkins, in a certain race run between them (the said horse and mare) this day, or to be delivered to said Atkins in case his mare should outrun in such race ; and whereas, there is a dispute between said Fender and said Atkins as to *which of them is*

*entitled to said money;* and whereas, said Stiles hath delivered the whole amount thereof to said Fender: Now, therefore, if the said Fender shall at all times indemnify and save and keep the said Stiles free and clear and harmless against all suits, actions, damages, judgments, costs and expenses which may be brought or recovered, or in any manner incurred by *reason* of any manner of claim or demand which said Atkins may have or pretend to have against said Stiles, by reason of said Stiles refusing to pay said money, or any portion thereof, to said Atkins, then this obligation to be void; otherwise of full force and virtue."

The following is the breach as alleged:

" And although at the November term of the said Lee county Circuit Court, for the year eighteen hundred and sixty-one, Edward Atkins, by reason of a certain claim or demand, which the said Atkins then and theretofore had against the said plaintiff, by reason of the said plaintiff's refusing to pay to said Atkins a portion of the money referred to in the condition of said writing obligatory, to wit, the sum of money so placed in the hands of said plaintiff by said Atkins, recovered against the said plaintiff in a certain suit theretofore brought and then pending in said court, wherein the said Atkins was plaintiff, and the said Stiles was defendant, a judgment in the sum of four hundred and twenty-nine dollars, his (said Atkin's) damages in this behalf sustained, together with his costs and charges by him (said Atkins) in and about said suit expended, whereof the said plaintiff, Stiles, was convicted, as appears of record.

" Yet the said Hiram Fender, although often requested so to do, hath not, from the time of the making of said writing obligatory, indemnified, and saved, and kept the said plaintiff free, clear and harmless, against said suit, judgment, damages, costs, and the expenses by the said plaintiff incurred in and about said suit, according to the condition of the said writing obligatory, but has hitherto wholly neglected and refused, and still neglects and refuses so to do. And by means thereof, the said plaintiff, Stiles, after the making of the said writing obligatory, to wit, on the twenty-fourth day of June, A. D.

1860, and on divers other days and times afterwards, was forced and obliged to, and did, necessarily lay out and expend divers sums of money, in the whole amounting to a large sum of money, to wit, the sum of one thousand dollars, in and about the defense of said suit, so brought and incurred about the payment and canceling the said judgment and costs, recovered as aforesaid to be satisfied in full, to wit, at said county of Lee, by means of which said premises the said plaintiff has sustained damages to a large amount, to wit, to the amount of one thousand dollars, whereby an action accrued to the said plaintiff to demand and have of and from the said defendants in this suit the sum of one thousand dollars.

"Yet the said defendants have not, nor has either of them (although often requested so to do) as yet paid the said sum of one thousand dollars above demanded, or any part thereof, to the said plaintiff, but have hitherto wholly neglected and refused, and still neglect and refuse so to do."

The declaration is against all the defendants, as joint obligors. Fender and Wilson were served with process, and appeared and filed a general demurrer to the declaration. The defendant, Deeds, was not served with process, nor was any alias issued for the purpose of bringing him before the court.

He did not appear. The demurrer was overruled by the court, and judgment entered by the court against Fender and Wilson, on the 10th of May, 1862.

The form of the judgment is as follows: "And thereupon the said defendants say, that they will stand by their demurrer. Whereupon it is considered by the court, that the said plaintiff ought to have judgment in the premises. It is thereupon considered and adjudged by the court, that the plaintiff have and receive of the said defendant his debt in the sum of one thousand dollars, that being the penalty of the bond upon which the suit is brought, but that the said sum of one thousand dollars be liquidated on the payment of $411.67 — four hundred and eleven, sixty-seven one hundredths dollars — damages by the plaintiff herein in this behalf sustained, as

agreed upon by the respective parties to this suit, in open court. And it is further considered, that the said plaintiff recover and have from the said defendants his costs and charges by him in and about this suit expended, and that execution issue for the said debt and costs herein to be taxed."

From that judgment, the defendants, Fender and Wilson, took this appeal, and assign for error:

1. That the court below overruled their demurrer to the declaration; and

2. That judgment was entered against two only, of three defendants.

Messrs. J. H. KNOWTON, and L. E. DEWOLF, for the appellants.

Messrs. LELAND & BLANCHARD, and GEORGE P. GOODWIN, for the appellee.

Mr. CHIEF JUSTICE CATON, delivered the opinion of the Court.

The only question in this case, of the least importance, is as to the sufficiency of the declaration. That must show, either that the obligors had notice of the action against the obligee, and an opportunity to defend it, or else, that Atkins really had a good cause of action on which he recovered, or might have recovered, against the obligee. Such we regard the rights of the obligors in a bond of indemnity. There is no averment that the obligors had any opportunity of defending any action or proceeding against the obligee; but the bond shows upon its face, that Atkins had a cause of action against the plaintiff, upon which he had a right to recover, and that bond is set out in, and constitutes a part of, the declaration. It shows that Atkins had deposited money with Stiles, as stakes upon a horse-race. And we know, as a matter of law, that Atkins had a right to recover from Stiles the money thus deposited, no matter what the event of the race was. The case is the same as if the bond had recited, that Stiles had so

much money in his hands, which Fender wanted him to pay over to him, to indemnify him for doing which, the bond was given. Could any other averment or statement be required, in order to show that Atkins had rightfully recovered against Stiles? The declaration is sufficient.

Three parties were sued, and two only were served, and judgment was rendered only against them; and this is complained of as error. This was in pursuance of the express and literal provisions of the statute,* and was, of course, right.

There is some complaint about the amount of damages. This amount was expressly agreed upon by the parties, as appears from the record.

The judgment is affirmed.                    *Judgment affirmed.*