## James A. Green, Impleaded with Jesse Green, v. Theodore A. Shaw and John H. Schnitzler.

1. WAIVER—*Of Plea Denying Joint Liability.*—When a defendant files a plea denying his joint liability with other defendants and also pleads the general issue and other pleas, he waives his right to insist upon the plaintiff's proving his joint liability with the other defendants.

2. PRACTICE—*Judgment Against Defendant Served.*—Where several are sued upon a contract and service is had only upon a part, the case may proceed to judgment against those served, but the plaintiff must make proof of his case against all, the same as if all were served.

3. CONSIDERATION—*As to a Security.*—What is a sufficient consideration to support the promise of the principal will sustain the promise of the security.

**Assumpsit,** on promissory notes. Error to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

## Statement of the Case.

This was an action of assumpsit upon four promissory notes, executed and delivered to Rollins, Shaw & Co., by Jesse Green, James A. Green and Joseph Green, three for $200 each, and one for $400, and assigned to defendant in error before maturity.

All the makers of the notes were declared against, but no summons was issued or served. Jesse Green and James Green entered their appearance. In addition to the general issue, and a special plea of want of consideration, James A. Green filed a plea denying that he was jointly liable with the other defendants, verified by affidavit. The plaintiffs introduced the notes in evidence upon the trial and rested their case. James A. Green then moved to exclude the evidence, for the reason that the burden of proving the joint liability rested with the plaintiffs, but the court overruled the motion.

After the hearing of evidence for the defendants, and instructions, the case was submitted to the jury, who returned a verdict for the plaintiffs in the sum of $1,460.80.

Pending the motion for a new trial the court, over the objection of the defendants, allowed the plaintiffs to amend their declaration.

The court overruled the motion for a new trial, and entered judgment upon the verdict.

James A. Green prosecuted this writ of error.

J. Kent Green and Clarence Griggs, attorneys for plaintiff in error.

Geo. W. W. Blake, attorney for defendants in error; Trainor, Browne & Ayers, of counsel.

Mr. Justice Harker delivered the opinion of the Court.

The chief contentions of the plaintiff in error why the judgment should be reversed, are that the court erred in re fusing to exclude the evidence when the defendants in error

rested their case with the introduction of the notes sued on without proving the joint liability of James A. Green; that the court erred in rendering judgment against two of the defendants below without having required the issuance and return of summons against the third defendant; and that the notes were executed without consideration as to plaintiff in error.

The first contention is based upon the assumption that the sworn plea denying joint liability required the plaintiffs below to prove joint liability, under section 35 of the Practice Act. In support of it, counsel cites King v. Haines et al., 23 Ill. 340, where our Supreme Court holds that in a suit upon a joint obligation, where the joint liability is denied by one of the defendants, in a plea verified by affidavit, it devolves upon the plaintiff to prove the joint liability before the joint obligation is admissible in evidence.

A reference to that case will show that the only plea filed was the one denying joint liability.

Had the only plea filed by James A. Green in this case been the one denying the joint liability, there would be some room for the contention. But in addition to that plea he pleaded the general issue and a special plea of want of consideration. By pleading the general issue he waived his right to insist upon the plaintiff's proving his joint liability with the other defendants. 1 Chitty on Pleadings, 457; Warren v. Chambers et al., 12 Ill. 127; McKinney v. Peck, 28 Ill. 174; Degan et al. v. Singer, 41 Ill. 30.

There was no error in entering judgment against two of the defendants without requiring the issuance and return of a summons as to the third defendant. Section 10, chapter 110, Rev. Stat. See authorities. Where several are sued upon a contract and service is had only upon a part of the defendants the case may proceed to judgment against those served. The plaintiff is simply required to make proof of his cause of action against all, the same as if all were served. Fender et al. v. Stiles, 31 Ill. 460; Cassade et al. v. Trustees of School, 105 Ill. 560.

Much is said about the insufficiency of proof to show that

James A. Green was a partner with the other defendants and the alleged error of the court in admitting evidence which tended to prejudice him in that regard.   The notes were not given as partnership notes but were signed by the makers as individuals.   Hence the question of whether he was a partner is unimportant, except as affecting the question of consideration.   If not a partner, he signed the notes as security for the other defendants.   The proof in the record that he signed as security was sufficient to entitle the plaintiffs below to recover unless the notes were executed without consideration.

The proof in the record showing a scaling down of the indebtedness and an extension of time for payment were ample upon the question of consideration.

What is a sufficient consideration to support the promise of the principal will sustain the promise of the security. Prichett et al. v. People, etc., 1 Gilm. 525.

We deem it unnecessary to discuss in this opinion the instruction given and refused.

The record shows a clear right of recovery against the plaintiff in error.   His defense below was not substantial and his contentions here are technical.

The judgment is right and should be affirmed.