### John D. Scanlon et al. v. The People, use of, etc.

1. PARTIES—*Defendants in Suits on Joint and Several Obligations.*—On a joint and several,obligation executed by two or more persons, one may be sued, or all, but not an intermediate number.

2. PLEADINGS—*Non-joinder of Co-defendants.*—It is the general rule in an action *ex contractu* that the non-joinder of co-defendants can be taken advantage of only by a plea in abatement. But where it appears on the face of the record that another joint obligor has not been joined, advantage may be taken of it by motion in arrest of judgment.

3. PRACTICE—*Motion in Arrest for Non-joinder of Parties.*—Where the record shows a joint and several bond executed by three persons, and only two of them are sued, such defect can be taken advantage of by a motion in arrest of judgment.

**Debt on Official Bond.**—Appeal from the Circuit Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed June 4, 1901. Rehearing denied.

SMITH, HELMER, MOULTON & PRICE, attorneys for appellants.

BLUM & BLUM, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit upon the official bond of appellant John D. Scanlon as constable of Cook county. Said bond was signed by Scanlon as principal and by appellant George Andrin and one John W. Dowling as sureties. All the obligors were originally made parties defendant. Service of summons was had upon appellants, but not upon Dowling. When the case was called for trial, an order was entered amending all papers and proceedings in the cause by discontinuing as to said defendant Dowling. The issues as to the remaining defendants—appellants herein—were then submitted to a jury, which returned a verdict in favor of appellees, assessing the latter's damages at $375. Judgment was rendered accordingly.

When the suit was dismissed as to Dowling "the action stood upon the same footing it would have occupied had he not been made a party defendant in the first instance." Damron v. Sweetser, 16 Ill. App. 339 (342).

The bond declared on is a joint and several obligation. The rule is that on a joint and several obligation executed by more than two persons, one may be sued or all, but not an intermediate number. The declaration alleges that all three of the defendants, including Dowling, executed the bond. The declaration was not amended in that respect. There being, therefore, three obligors, all living, so far as appears, but as to one of whom the suit had been discontinued, the non-joinder of Dowling appeared on the face of the declaration, and the other defendants were not obliged, in order to avail themselves of it, to bring the fact to the notice of the court by a plea in abatement, as otherwise would have been required. The record shows as it now stands, a joint and several bond executed by three persons, presumably all living, only two of whom are sued. Such suit can not be maintained; neither one nor all, but an intermediate number having been sued, the defect can be taken advantage of by motion in arrest of judgment, as was sought to be done. It was error, therefore, to overrule such motion. Cummings v. The People, 50 Ill. 132 (134); Dam-

ron v. Sweetser, *supra;* Sinsheimer v. Skinner Mfg. Co., 165 Ill. 116 (121).

The question is not, as stated in appellees' brief, whether "it was error in the court to render a judgment against appellants without rendering judgment against John Dowling, who was not served." It would have been entirely proper if the action had not been dismissed as to Dowling, to proceed with the suit against appellants without service upon Dowling, in accordance with section 9 of the Practice Act. (Rev. Stat., p. 776.) In Sherburne v. Hyde, 185 Ill. 580, cited by appellees' counsel, it is said : "A plaintiff can not, in any case, bring his action against more than one and less than all of his joint debtors; but under this statute he may sue all, whether partners or not, and take judgment against so many as are served or who appear, and the rest may be made parties to the judgment by summons in the nature of *scire facias.*" See also, Green v. Shaw, 66 Ill. App. 74.

The language quoted by appellees' counsel from Cassady v. Trustees, 105 Ill. 560, relates to the 13th section of Chap. 103 of the Revised Statutes, and is not in point. The action having been brought against more than one and less than all of the obligors, the judgment against appellants was erroneous, and it must be reversed and the cause remanded.