DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1906.

---

### Royal A. Eastman v. William H. Crawford et al.

#### Gen. No. 12,368.

1. JOINT AND SEVERAL OBLIGATIONS—*section 3 of act pertaining to, construed.* This section does not apply to judgments.

2. JUDGMENT OF REVIVOR—*when cannot be entered.* A several revivor cannot be entered upon a joint judgment.

*Scire facias* to revive judgment. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed April 24, 1906.

CHARLES B. OBERMEYER, for appellant.

ELA, GROVER & GRAVES, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is a proceeding by *scire facias* instituted by appellees against appellant in the Superior Court to revive a judgment entered in that court on the 3rd day of October, 1888, in favor of appellees, William Crawford, John McGregor and Edward Canby, and against William M. Brophy and appellant Royal A. Eastman. It appears from the writ that William M. Brophy died about the year 1890. Appel-

lant appeared and his demurrer to the original writ was sustained on the ground that the heirs of William M. Brophy, deceased, should have been made parties defendant. An amended writ of *scire facias* was then sued out, making the heirs of Brophy parties defendant and alleging that William M. Brophy died intestate about the year 1890; that no letters of administration had ever been issued on his estate and that said decedent had no administrator or personal representative.

To this amended writ appellant again demurred, and the court overruled the demurrer, dismissed the heirs of Brophy, deceased, and appellant electing to stand by his demurrer, entered a judgment of revivor giving appellees execution for the amount of the original judgment, with interest and costs. Error is assigned upon this action of the court.

The record presents the question whether the *scire facias* to revive a judgment against several joint defendants must not follow the original judgment, and the judgment thereon ought not also to be joint.

In the 18th Enc. of P. & P., pp. 1068 and 1069, it is said: "The common law rule was to the effect that if one joint defendant had died the writ should be against the survivors and the heirs or personal representatives of the deceased, and, according to numerous decisions, this rule still prevails in many of the states, and it is held that a judgment rendered on a *scire facias* against the survivor only in such a case will be reversed. If the plaintiff does not wish to proceed against all, his remedy should be by action of debt on the judgment, and not by *scire facias*." U. S. v. Houston, 48 Fed. Rep. 208, and Delaware, Kentucky, Maryland, Mississippi, Ohio, Pennsylvania, Texas and English cases are cited in support of the rule; also Erwin v. Dundas, 4 How. (U. S.) 58; 1 Black on Judgments, par. 491.

In Funderburk v. Smith, 74 Ga. 515, it is said: "Pope, one of the parties to the original judgment, not having been made a party and served with *scire facias* to revive that judgment as required by law, it was error to have re-

vived the same as to other parties. The whole judgment must be revived, not a part of it."

And in Austin v. Reynolds, 13 Texas, 544, it is held: "If the doctrine of the cases cited be correct, the judgment of revivor in the case before us cannot stand, and no judgment could be rendered against appellants, after the representatives of Andrews had been dismissed from the suit. We do not say whether they were properly dismissed from the suit or not, because that question is not before us, but we only say that judgment on the *scire facias* could not be rendered against the appellants without its being at the same time rendered against the representatives of Andrews."

It is admitted by counsel for appellee that according to the later authorities a judgment is not a contract. It is insisted, however, that it is an obligation, and an obligation of the very highest character; and being an obligation, it is, by the express wording of the statute, Hurd's Revised Statutes, sec. 3, chapter 76, made a several as well as a joint obligation. And counsel cite authorities from North Carolina, Kansas and Iowa reports, in which states, it is claimed, are found statutes similar to the Illinois statute above cited.

In our opinion the Illinois statute which provides that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants ", does not apply to judgments. Until the common law rule in regard to reviving judgments by *scire facias* is changed in this state by appropriate legislative enactment we must hold to it and enforce it.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*