## Gottfried Brewing Company, Defendant in Error, v. George McDonald et al., Plaintiffs in Error.

### Gen. No. 14,357.

1. PARTIES—*who must be joined in action upon specialty.* In a suit upon a bond which is a joint and several obligation, all of the parties executing such bond must be joined as defendants.

2. ABATEMENT—*when non-joinder need not be raised by plea.* In order to avail of the failure of the plaintiff in an action upon a specialty to join all parties to such specialty, a plea in abatement is not essential; such non-joinder may be raised either by motion for new trial or in arrest of judgment.

Action of debt. Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed February 16, 1909.

FREDERICK R. DEYOUNG, for plaintiffs in error.

MARK R. SHERMAN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

To review the record, proceedings and judgment of the Municipal Court of Chicago in an action brought by Gottfried Brewing Company against George McDonald, Peter Dalenberg and Albert Vinke, defendants, this writ of error is prosecuted.

It appears from the record that the plaintiff, Gottfried Brewing Company, employed, on or about October 1, 1905, one Garret Kunis as its agent at West Pullman, Chicago. Before entering upon the duties of his employment the company required of Kunis a fidelity bond. Upon that bond the defendants, plaintiffs in error, became sureties. The bond is as follows:

"KNOW ALL MEN BY THESE PRESENTS,

That, we, Garret Kunis, Peter Dalenberg, George McDonald and Albert Vinke of the County of Cook and State of Illinois, are held and firmly bound unto Gott-

fried Brewing Company, a corporation under the laws of the State of Illinois, in the sum of one thousand ($1,000.00) dollars, good and lawful money of the United States of America, to be paid to said Gottfried Brewing Company, or its attorney, successors or assigns, for which payment well and truly to be made, we bind ourselves and our heirs, executors and administrators, jointly and severally, firmly by these presents.

Sealed with our seals and dated this 21st day of September, A. D. 1905.

The condition of this obligation is such, that if the said Garret Kunis, who has this day entered into the employment of the said Gottfried Brewing Company, shall carefully and honestly perform each and every act and duty required of or from him while in the employ of said Gottfried Brewing Company and when such employment terminates shall well and truly and honestly account to said Gottfried Brewing Company for all money and property of whatever kind that may come into the possession of said Garret Kunis during said employment aforesaid, and surrender and pay over to said Gottfried Brewing Company all such goods, chattels, personal property, money, notes, drafts and checks belonging to said Gottfried Brewing Company, then this obligation to be void; otherwise to remain in full force and virtue.

GARRETT KUNIS,    [SEAL.]
GEORGE McDONALD,    [SEAL.]
340 105th Court,
PETER DALENBERG,    [SEAL.]
355 W. 111th St.
ALBERT VINKE,    [SEAL.]
11526 Michigan Ave.

Signed, sealed and delivered in the presence of

RUD LOULA,<br>Notary Public.''

(Notarial Seal.)

Garret Kunis, the principal in the bond, was one of several employes of the Brewing Company at its West Pullman branch, and had charge of the branch, including the horses and wagons, received all the beer, made the deliveries to customers, received the money

and turned it in to the office and made reports thereof. By the terms of his employment he was required to make reports to, and settlements with, his employer at the end of each month. He was permitted to retain a portion of the moneys which he received during the month for the purpose of paying the current expenses of the branch. Early in November, 1905, at the end of the first month's service, Kunis failed to pay to the company an amount between. $50 and $200. One month later, upon a second accounting, he was permitted to retain a larger sum. This practice appears to have been continued until in April, 1906, when Kunis left the employ of the company, there was a balance in his hands of $628.06, which he failed to turn over.

The Gottfried Brewing Company on August 20, 1907, instituted the above mentioned suit on said bond against the three sureties. Kunis was not made a party, and never has been a party to the suit. The case came on for trial and the jury returned a verdict in favor of the plaintiff for $1,000 debt and $695.54 damages. After motions for a new trial and in arrest of judgment were each overruled by the court judgment was entered on the verdict. On the same day that judgment was rendered, but before it was entered, the plaintiff, by leave of court, amended its statement of claim by adding thereto: "The plaintiff avers that the said Garret Kunis, the principal signer of said bond, had at the time of the commencement of this action, absconded and left the jurisdiction of this court, and departed for parts unknown, so that process could not be served upon him, the said Garret Kunis."

The bond upon which the suit was brought is a joint and several obligation. On such an obligation suit must be instituted against all or against one. An intermediate number cannot be sued. Moore v. Rogers, 19 Ill. 347; Cummings v. The People, 50 *id*. 132; Sinsheimer v. Skinner Mfg. Co., 165 *id*. 116; Sherburne v. Hyde, 185 *id*. 580, 585; Scanlon v. The People, 95 Ill. App. 348.

The plaintiff in its statement of its claim sets out the bond by which it appears that Garret Kunis, who was not joined in the action, is a joint obligor. By the amendment to the statement of claim it appears that said Kunis, the principal signer of the said bond, had at the commencement of the action absconded and left the jurisdiction of the court and "departed for parts unknown." The right of action therefore had not survived against the three sureties for it appears by the record that Kunis is still living, and that he is jointly liable with the defendants. It appears therefore upon the face of the record from the statement of claim as amended that the action cannot be maintained. See cases cited *supra.*

No plea in abatement was necessary to raise the question here presented, for the reason that the facts affirmatively appear by the plaintiff's pleadings. Sinsheimer v. Skinner Mfg. Co., *supra;* Cummings v. The People, *supra;* Scanlon v. The People, *supra.* The question was properly raised in the lower court by the motion for a new trial, and the motion in arrest of judgment, and the court erred in its rulings on the motions.

For the reasons given the judgment of the Municipal Court of Chicago is reversed and the cause is remanded.

*Reversed and remanded.*