Industrial National Bank of Chicago, Appellant, v. Mrs. Benj. H. Shalin, Morton Shalin, Joseph L. Cone, Ben H. Shalin and Henry E. Shalin, Defendants. Morton Shalin, Appellee.

Gen. No. 43,810.

Opinion filed February 20, 1947. Released for publication March 28, 1947.

REGINALD C. DARLEY and OSCAR G. WAHLGREN, both of Chicago, for appellant; OSCAR G. WAHLGREN and EARL H. HAYES, both of Chicago, of counsel.

ALFRED M. LOESER, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff appeals from an order entered March 1, 1946, striking its amended statement of claim and dismissing the suit, and also from an order entered March 29, 1946, denying its motion to vacate the order of March 1.

Plaintiff's verified amended statement of claim makes Ben H. Shalin, Mrs. Benj. H. Shalin, Morton Shalin, Henry E. Shalin and Joseph L. Cone defend-

ants, and alleges that "1. The plaintiff herein, Industrial National Bank of Chicago, was formerly the Personal Loan and Savings Bank, an Illinois Banking Corporation; that on December 1, 1940, the plaintiff, by operation of law, became a national bank under the name and style of Industrial National Bank of Chicago. 2. The plaintiff under the name and style of the Personal Loan and Savings Bank did on the 10th day of June, 1938, recover a judgment in the Municipal Court of Chicago, in Case No. 2458957, for $340.05 and court costs against the defendants, a copy of said judgment and order changing name of plaintiff are hereto attached and made a part hereof. 3. The said judgment is in full force and effect and has not been paid, released, or satisfied; leaving the sum of $340.05 unpaid on said judgment. Wherefore, the plaintiff claims the sum of $340.05 being the principal, and in addition $56.00 taxable court costs, together with interest at the rate of five per cent per annum from the date of entry to the date hereof, which said interest amounts to $127.00. Wherefore, plaintiff asks judgment for the sum of $523.05." The sole defendant served with summons was Morton Shalin, appellee (hereinafter called defendant), and an unverified motion to strike and dismiss plaintiff's amended statement of claim was filed in his behalf. Many points are raised in the motion, but from the brief filed by defendant it appears that defendant relies upon the following points to support the orders entered by the trial court: "1. The defendant, Benjamin Shalin, had been dead for four and one-half years before the inception of the suit and its filing. 2. The judgment was a unit and could not be separated. 3. The plaintiff could have made the administrator, personal representative or heirs a party, but did not choose to do so. 4. A dead person cannot be sued and any order entered in such a suit was either erroneous and voidable or void. 5. The said orders were, not only as to the dead party,

erroneous and voidable or void, but also as to all joint co-defendants, the judgment being a unit. 6. The administrator of Benjamin Shalin, his personal representative or his heirs, should have been made a party. 7. The same points having been raised in the prior suit were estopped by judgment and were res adjudicata of the matter decided." It appears from the record that the judgment upon which the instant suit was brought was by confession and was entered on June 10, 1938, against five signers of a note that was payable to plaintiff under its original name of Personal Loan and Savings Bank; that that bank was converted into a national bank on December 1, 1940, under its present name and style of Industrial National Bank of Chicago; that an order was entered in the original proceedings authorizing all proceedings to be had in the bank's new name of Industrial National Bank of Chicago. A copy of this order, together with the record of the original judgment, was filed as a part of plaintiff's amended statement of claim.

Plaintiff (appellant) justly complains that it is difficult to understand upon what theory the trial court based its order striking plaintiff's amended statement of claim from the record and dismissing the suit. It seems reasonably clear from the record of proceedings that the trial court misconceived the nature of plaintiff's action and the purpose of a motion to strike. It is the settled law that a motion to strike is in the nature of a general demurrer and it admits the truth of facts properly pleaded in the complaint. Section 45 (1) of the Practice Act (ch. 110, par. 169, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 104.045, subpar. (1)]) provides, in part, "Such motion shall point out specifically the defects complained of . . . ." The trial court, as the said record shows, allowed counsel for defendants, over the objection of plaintiff, to raise orally points not made in the written motion to strike, the court stating that it would not

be nice to have the case sent back and that counsel for defendants should get in all the points he could on his motion to strike. The trial court did not give any reason for his ruling, but from the nature of the argument made by the defendants' attorney in the trial court, and in this court, we are inclined to think that the trial court assumed that the proceeding before him was a *scire facias* to revive the original judgment and that plaintiff was seeking to have a judgment entered against a dead person. As to the point of *res judicata* it is sufficient to state that "The defense of *res judicata* and similar defenses must be raised by plea or answer. *Evans v. Woodsworth*, 213 Ill. 404." (*Webster v. Toulon School District*, 313 Ill. 541, 550, 551.) Plaintiff's action was in debt *on the original judgment* and was clearly not a *scire facias* proceeding. Many years ago our Supreme court, in *Greathouse v. Smith*, 4 (3 Scam.) Ill. 541, 542, stated:

██ "No rule of law is better settled, than the one, that an action of debt is maintainable on a judgment of a court of record. The judgment is a good cause of action, it being as between the parties, the most conclusive evidence of indebtedness. We know of no principle which inhibits the creditor, on a judgment which is in force and unsatisfied, from recovering in an action brought on it, although he may, at the time of bringing the suit, be entitled to an execution on his judgment. He is at liberty to proceed by execution to collect the judgment, or institute a new action on it. Notwithstanding the second suit may be unnecessary, he has the clear legal right to recover, and the courts have no power to prevent him, or impose terms on him for so doing."

██ The law stated in that case is still the law of Illinois. The action of debt and a *scire facias* proceeding are cumulative in nature and may be pursued concurrently or consecutively. "The judgment upon the

scire facias, and that upon the action on the judgment become coexistent securities for the same debt. The payment of either satisfies the other.'' (2 Freeman on Judgments (1925 Ed.) pp. 2217 and 2218.) Many cases supporting the foregoing text might be cited. In *Eastman v. Crawford,* 126 Ill. App. 320, the opinion states (p. 321):

''In the 18th Enc. of P. & P., pp. 1068 and 1069, it is said:

'' 'The common law rule was to the effect that if one joint defendant had died the writ should be against the survivors and the heirs or personal representatives of the deceased, and, according to numerous decisions, this rule still prevails in many of the states, and it is held that a judgment rendered on a *scire facias* against the survivor only in such a case will be reversed. If the plaintiff does not wish to proceed against all, his remedy should be by action of debt on the judgment, and not by *scire facias.*' *U. S. v. Houston,* 48 Fed. Rep. 208, and Delaware, Kentucky, Maryland, Mississippi, Ohio, Pennsylvania, Texas and English cases are cited in support of the rule; also *Erwin v. Dundas,* 4 How. (U. S.) 58, 1 Black on Judgments, par. 491.''

An action in debt upon a judgment is a new action, while a *scire facias* proceeding is merely a continuation of the old action. (*Smith v. Stevens,* 133 Ill. 183, 191.)

''. . . It has long been held that the writ of scire facias is not a substitute for the action of debt upon the judgment, but is an independent, concurrent remedy, and until the debt evidenced by the judgment has been satisfied the plaintiff may prosecute his action of debt and his proceeding by scire facias at the same time, and the pendency of one is no defense against the other.—*Carter v. Coleman,* 34 N. C. 274; *Lambson v. Moffett,* 61 Md. 426; *Lafayette County v.*

*Wonderly*, 92 Fed. 313, 34 C. C. A. 360; 1 Black, Judg. Sec. 482a." (*Drennan v. Dunn*, 166 Ala. 213, 214, 215.)

". . . The judgment under a *scire facias* to revive a judgment is not *quod recuperet* for the amount due, but its object is to revive the judgment just as it formerly existed and to reinvest it with the same attributes and conditions which originally belonged to it." (*Bank of Eau Claire v. Reed*, 232 Ill. 238, 241.)

A suit for a revival of judgment by *scire facias* is a highly technical proceeding, and the court must have jurisdiction of all of the parties to the original action. *Scire facias* proceedings must be brought in the original proceedings and in the same court, but an action of debt upon a judgment may be brought in another court, and even in another state. (See *Olson v. Veazie*, 37 P. 677.) There is no merit in the contention of defendant that all of the defendants in the original judgment must be made parties to the instant proceeding. In the early case of *Fender v. Stiles*, 31 Ill. 460, it was held that where two only of three defendants in an action of debt are served with process it is proper to take judgment against the two upon whom service was had. *Brown v. Gerson*, 182 Ill. App. 177, follows that rule, and Mr. Justice GRIDLEY, who wrote the opinion in the *Brown* case, cites in support of the court's ruling *Fender v. Stiles, supra; Cassady v. Trustees of Schools*, 105 Ill. 560, 565, and *Green v. Shaw*, 66 Ill. App. 74, 76. See, also, *Eastman v. Crawford, supra*, which states (p. 321) that if the plaintiff does not wish to proceed against all, his remedy should be by action of debt on the judgment, and not by *scire facias*.

Defendant states that "this judgment was an entity and if void against Benjamin Shalin was void against all. If erroneous against Benjamin Shalin it was erroneous against all," and numerous cases that have

no bearing upon the instant appeal are cited in support of this contention. Plaintiff, very properly, contends that there is no proper basis in the record for the claim that Benjamin Shalin was dead at the time that the original judgment was entered or is now dead, and that an allegation to that effect in the unverified motion to strike would not justify the trial court in assuming that he was dead and dismissing plaintiff's suit upon that assumption. A *fortiori*, the allegation in question in the motion to strike is that Benjamin H. Shalin died on October 20, 1941, so that it affirmatively appears from defendant's pleading that on June 10, 1938, when the original judgment was entered, Benjamin H. Shalin was alive; that therefore the judgment against him was not void. Defendant's counsel cite such cases as *Claflin v. Dunne*, 129 Ill. 241, although it is clear that none has any application to the question before us. In the *Claflin* case it was held that if jurisdiction was obtained of the person of the defendant in his lifetime by service of process or appearance, a judgment against him after his death is not void, but only voidable, and that the rendering of judgment was an error in fact, which may be reached and corrected upon motion at any time within five years. In *Mitchell v. King*, 187 Ill. 452, a judgment was rendered in favor of the plaintiff after he had died and before his death was suggested and the legal representative substituted, and it was held that this was an error of fact which might be corrected on motion in the nature of a writ of error *coram nobis*. In *Fredrich v. Wolf*, 383 Ill. 638, 641, and *Brown v. Zaubawky*, 388 Ill. 351, 352, it was held that where a judgment is entered as a unit against two or more defendants and it is so defective as to necessitate its vacation as to one defendant it must be set aside as to all.

In the instant case, if it appears that Benjamin H. Shalin is dead plaintiff has the right to dismiss the suit as to him or it may by apt pleadings bring his

legal representatives into the case. It must be remembered that plaintiff was suing not upon the note but upon the original judgment.

Defendant does not assail the original judgment. nor does he claim that that judgment has been paid. Counsel for plaintiff are justified in contending that justice requires the reversal of the two judgment orders in the instant case.

The judgment orders of the Municipal Court of Chicago entered March 1, 1946, and March 29, 1946, are reversed, and the cause is remanded with directions to the trial court to order defendant to answer plaintiff's amended statement of claim and for further proceedings not inconsistent with this opinion.

*Judgment orders entered March 1, 1946, and March 29, 1946, reversed, and cause remanded with directions.*

SULLIVAN, P. J., and FRIEND, J., concur.