THOMAS WILLIAMS *vs.* INVESTORS SYNDICATE & another.

Hampden.    December 7, 1950. — March 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Unjust Enrichment. Judgment. Agency,* Principal's liability to third person.

Evidence in a suit in equity did not support a claim by the plaintiff that one of the defendants owed him money on the ground that that defendant as the real owner of land standing in the name of the other defendant as a straw had been unjustly enriched through the delivery of loam on the land by the plaintiff.

A judgment creditor of a corporation acting as straw or agent for another corporation in the transaction resulting in the judgment had no right in equity to enforce his judgment against the principal corporation.

BILL IN EQUITY, filed in the Superior Court on April 23, 1948.

The suit was heard by *Giles*, J.

*D. Burstein*, for the defendant Investors Syndicate.

*C. F. Ely*, for the plaintiff.

WILLIAMS, J.   This is a bill in equity in which Bradford Estates, Inc., a Massachusetts corporation, and Investors

Syndicate, a Minnesota corporation, are joined as defendants. Hereinafter they are referred to as Bradford and Investors. It is alleged in the bill that the plaintiff obtained a "finding" against Bradford in the District Court of Western Hampden in the sum of $3,295.89 on April 21, 1948; that on August 12, 1947, Bradford gave a mortgage to Investors on certain premises in Westfield designated as certain lots on page 130 of book of plans 25 at the registry of deeds; that Investors proposed to foreclose the mortgage on April 23, 1948; that the real estate mortgaged constituted the only asset of Bradford; that Bradford and Investors "are, in fact if not in legal phraseology, one and the same person and that the unjust enrichment of Bradford will enure to the benefit of Investors"; that the premises in question were conveyed to Bradford by deed on June 19, 1947, for $15,000 by Robert P. Lane and Sara M. Lane; that the purchase price was provided by Investors; that "there was a fraud and collusion between Bradford and Investors and that, as a result thereof, the plaintiff is out of pocket in the sum of $3,295.89, together with interest thereon." The plaintiff prays that Investors be ordered to pay to the plaintiff $3,295.89 with interest and until such time as payment is made be restrained from foreclosing its mortgage. The evidence is reported and the judge has reported findings of material facts substantially as follows: that Bradford received a deed of the premises on June 19, 1947, and on the same day gave a mortgage on the land to Investors in the sum of $15,000; that "Bradford Estates, Inc., and Investors Syndicate were, in reality, one and that Bradford Estates, Inc., was acting as a 'straw' for Investors Syndicate, and that the transactions were in fraud of creditors . . . that in August, 1947, the plaintiff delivered loam on the above mentioned land which was in the name of Bradford Estates, Inc., for which he has not been paid, and got an execution, from the District Court of Western Hampden, which has not been satisfied . . . that the loam was utilized for the benefit of the defendant Investors Syndicate and that it has been unjustly enriched at the expense of the

plaintiff, and that Investors Syndicate owes the plaintiff the sum of $3,295.89." He entered a final decree, from which Investors has appealed, ordering Investors to pay that sum to the plaintiff. The record does not show that Bradford appeared, answered, or has appealed from the decree.

We have difficulty in understanding the theory on which the plaintiff's bill is drawn. From the judge's findings he apparently regarded it as alleging that the plaintiff was entitled to recover from Investors $3,295.89 as the amount by which Investors has been unjustly enriched through the delivery of loam by the plaintiff on land which "in reality" belonged to Investors. We first consider the case on that basis.

There are annexed to the plaintiff's bill copies of his declaration and the findings and decision of the judge in the action brought by the plaintiff against Bradford in the District Court of Western Hampden, in which action, the plaintiff alleges, he obtained a "finding" against Bradford in the sum of $3,295.89. These copies indicate that the finding was for the value of loam sold and delivered by the plaintiff to Bradford. This declaration and the judge's findings were not introduced as evidence in the instant case. The only document in evidence pertaining to that action was an execution which recited a judgment for the plaintiff in the amount above stated. The only reference to the subject matter of that action was in a question to the plaintiff by his counsel, "And are you the man who furnished the loam on the property on Western Avenue which was developed as the Bradford Estates?" to which the plaintiff answered, "Yes." There was no evidence of the delivery by the plaintiff of loam on the premises described in his bill, of its value if delivered, or of the time of delivery. The judge, therefore, had no evidence to warrant his finding that Investors was enriched at the expense of the plaintiff to the extent of $3,295.89 by reason of loam delivered on land standing in the name of Bradford, and the decree for the plaintiff based on this finding cannot stand.

Neither is the plaintiff entitled to a decree if the bill be interpreted as seeking to enforce against Investors a judgment obtained by the plaintiff against Bradford. As Investors is not a party to the judgment, the plaintiff cannot recover against it on the judgment in an action at law. *Lonnqvist* v. *Lammi*, 242 Mass. 574, 578. *Jenkins Petroleum Process Co.* v. *Western Oil Corp.* 21 Fed. Sup. 550. Freeman on Judgments (5th ed.) § 1084.

We take the finding of the judge that Bradford was a "straw" for Investors to mean that Bradford was holding the land as agent for Investors. If Investors was an undisclosed principal at the time of the loam transaction, the plaintiff, on discovering the relationship, could have proceeded on his claim for the delivery of the loam against either the agent or the principal at his election. He could not have proceeded against both jointly. *Raymond* v. *Crown & Eagle Mills*, 2 Met. 319. *Kingsley* v. *Davis*, 104 Mass. 178. *Weil* v. *Raymond*, 142 Mass. 206, 213. See *Silver* v. *Jordan*, 136 Mass. 319; *Maynard* v. *Fabyan*, 267 Mass. 312, 315. He has proceeded against the agent and obtained a judgment which is unsatisfied. If Investors remained an undisclosed principal when the plaintiff commenced his action against the agent Bradford, institution of the action was not conclusive of an election by the plaintiff to hold the agent rather than the principal. *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576, 580. Upon discovery of the existence of the principal he could then have proceeded against it. The plaintiff, however, has not done this but, on that interpretation of the bill which we are now considering, is seeking to enforce against the principal his judgment obtained against the agent. As was said in *Old Ben Coal Co.* v. *Universal Coal Co.* 248 Mich. 486, 491, a case similar on its facts to the instant case, "As plaintiff's right to recovery asserted here is alternative, depending upon the doctrine of election, plaintiff cannot stand on the judgment against the agent as valid and binding and treat such judgment as a cause of action against the principal." Investors and Bradford are separate corporate entities, and by his judgment against the latter

the plaintiff has acquired no equitable right against the former.

The bill should have been dismissed as against Investors.

*Decree reversed with costs of this appeal.*