JAMES PETERSON, d/b/a Architects International-Chicago, Plaintiff-Appellant, v. SUPERIOR BANK FSB, f/k/a Lyons Savings and Loan Association, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—91—4039

Opinion filed February 17, 1993.

Andrea B. Friedlander, of Deerfield, for appellant.

Hinshaw & Culbertson, of Chicago (Nancy G. Lischer, Peter D. Sullivan, and Amy L. Carbone, of counsel), for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, James Peterson, appeals the trial court's granting of summary judgment in favor of defendants, Sanctuary Urban Renewal Investment Corporation (hereinafter SURIC) and Superior Bank FSB, formerly known as Lyons Savings and Loan Association (hereinafter Bank), in an action seeking a declaratory judgment that SURIC and the Bank are responsible for an alleged joint venture debt to plaintiff.

On appeal, plaintiff asserts that (1) he is entitled to pursue SURIC for satisfaction of the judgments entered against Landmark Properties, Inc. (hereinafter Landmark), and Sheffield Development Corporation (hereinafter Sheffield) based on an arbitration award; and (2) his cause of action is not time-barred by any statute of limitations.

For the reasons which follow, we affirm the order granting summary judgment for defendants.

The underlying facts are not in dispute.

SURIC was a co-joint venturer with Landmark and Sheffield in a joint venture known as "The Sanctuary" project. The joint venture was formed to renovate a building complex located at 2358 North Sheffield Avenue in Chicago. SURIC was a wholly owned subsidiary of defendant Bank.

Plaintiff is the owner of an architectural firm. Plaintiff entered into two contracts (dated July 27, 1983, and February 2, 1984) with

Landmark and Sheffield to provide certain architectural services for the designated owners, *i.e.*, Landmark and Sheffield.

On May 7, 1985, plaintiff filed a demand for arbitration against Landmark and Sheffield because of their failure to pay plaintiff. The arbitration provision in the contracts provided:

> "All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration. *** No arbitration, arising out of or relating to this Agreement, shall include, by consolidation, joinder or in any other manner, any additional person not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by the Architect, the Owner, and any other person sought to be joined."

After plaintiff filed a demand for arbitration in 1985, Landmark and Sheffield sought to block the arbitration claiming they had never agreed to arbitrate their disputes in a written contract with plaintiff. Subsequently, this court required the parties to submit to arbitration in *Landmark Properties, Inc. v. Architects International-Chicago* (1988), 172 Ill. App. 3d 379, 526 N.E.2d 603. Landmark and Sheffield argued that the controlling agreement between the parties was an oral one and not the written contract which had been submitted by plaintiff in the course of negotiation. Although the contract had never been signed, this court determined that the conduct of Landmark and Sheffield indicated an assent to be bound by the terms of the unsigned contract. *Landmark*, 172 Ill. App. 3d at 383-84.

On December 9, 1988, an award of arbitration was entered in favor of plaintiff and against Landmark and Sheffield in the amount of $151,566.88 for architectural services performed on the project.

Thereafter, Landmark declared bankruptcy and on December 23, 1988, the Federal bankruptcy court confirmed the arbitration award as a proper claim against Landmark.

On January 17, 1989, the circuit court, chancery division, confirmed the arbitration award as a final judgment against Sheffield. That judgment remains unsatisfied.

On May 9, 1990, plaintiff filed a three-count complaint for declaratory judgment against SURIC and the Bank. Count I sought a declaratory judgment that the Bank and SURIC are not separate entities. Count II alleged SURIC vicariously liable for the judgment against Landmark and Sheffield based on SURIC's status as a joint venturer in the Sanctuary Project. Count III sought to hold the Bank liable for

satisfaction of the judgments claiming that SURIC is the alter ego of the Bank.

The trial court granted summary judgment for defendants reasoning that plaintiff's cause of action accrued at the time of the underlying breach of the contract for architectural services rather than at the time of the arbitration award or the confirmation of that award and, thus, his present complaint was barred by the statute of limitations.

Initially we note that plaintiff does not allege nor does the record disclose that he was not aware that SURIC was a joint venturer. However, plaintiff had entered into contracts with two of the joint venturers and, upon breach of those contracts, wished to take advantage of the arbitration provision of that agreement, an agreement whose terms expressly limited plaintiff's right to join any nonsignatory party to the arbitration proceedings.

The reasons for a preference for arbitration over a suit in the circuit court are hardly obscure. A speedy resolution to the controversy without long delay and endless discovery must have been appealing. Moreover, plaintiff may have been required to exhaust his arbitration remedy as to Landmark and Sheffield.

■ However, since partnership principles govern joint ventures (*Bachewicz v. American National Bank & Trust Co.* (1986), 111 Ill. 2d 444, 448, 490 N.E.2d 680), Landmark and Sheffield, as co-joint venturers, could not bind the joint venture or their co-joint venturers by an arbitration award if they acted without the authority of their co-joint venturer because section 9(3)(e) of the Uniform Partnership Act specifically prohibits such conduct. (Ill. Rev. Stat. 1985, ch. 106½, par. 9(3)(e); *Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis* (7th Cir. 1988), 849 F.2d 264, 269; see also *Atlas v. 7101 Partnership* (1982), 109 Ill. App. 3d 236, 440 N.E.2d 381.) Section 9(3)(e) provides:

"(3) Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:

\* \* \*

(e) Submit a partnership claim or liability to arbitration or reference." Ill. Rev. Stat. 1985, ch. 106½, par. 9(3)(e).

Although paragraph 8.3 of the contract states that "[t]he Owner and the Architect, respectively, bind themselves, their *partners*, successors, assigns and legal representatives to the other party to this Agreement" (emphasis added), Landmark and Sheffield had no power to bind either SURIC or the joint venture to arbitration unless consent had been given or unless their conduct ratified the contract.

Accordingly, to enforce a judgment based upon an arbitration award, plaintiff must allege that all of the parties agreed to submit the matter to arbitration. He has not done so and the record is otherwise silent in this regard.

Since neither party raised the implication of section 9(3)(e) of the Uniform Partnership Act, we will consider the other issues raised by plaintiff.

On appeal, plaintiff asserts that he is entitled to pursue SURIC for the satisfaction of the judgments entered against Landmark and Sheffield because of its status as a co-joint venturer. We disagree.

■ In general, an action on a judgment can only be brought against the defendant of record in the judgment or his successor in interest (50 C.J.S. *Judgments* §857 (1947)), not against an entity or person not named in the judgment. For example, a judgment creditor could not enforce a judgment against an undisclosed principal where the previously entered judgment was entered against an alleged agent. (*Williams v. Investors Syndicate* (1951), 327 Mass. 124, 97 N.E.2d 395.) In *Williams*, the Massachusetts Supreme Court held that a judgment creditor cannot recover against a corporation that was not a party to the underlying judgment. In addition, the court found that the judgment creditor could have proceeded against the undisclosed principal upon its discovery but instead impermissibly sought to enforce against the principal his judgment obtained against the agent.

The cases relied on by plaintiff are neither controlling nor persuasive because they, unlike the present case, involved parties named in the underlying action or previously entered judgments. *Green v. Alton Telegraph Printing Co.* (1982), 107 Ill. App. 3d 755, 438 N.E.2d 203; *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902; *Joseph W. O'Brien Co. v. Highland Lake Construction Co.* (1972), 9 Ill. App. 3d 408, 292 N.E.2d 205.

■■ The cases cited by plaintiff conform with the established principle that where a judgment has been rendered as a joint and several obligation against several defendants, the judgment creditor can satisfy the judgment from one or more of the named judgment debtors. *Industrial National Bank v. Shalin* (1948), 330 Ill. App. 498, 72 N.E.2d 52.

Notwithstanding this general principle, plaintiff contends that SURIC is vicariously liable for the judgments entered against Landmark and Sheffield based on section 13 of the Uniform Partnership Act, which provides that the partnership is liable for the wrongful conduct of any partner acting in the course of partnership business (Ill. Rev. Stat. 1983, ch. 106½, par. 13) and upon section 15 of the Uniform Partnership Act,

which places joint and several liability on all partners for obligations of the partnership (Ill. Rev. Stat. 1983, ch. 106½, par. 15).

We believe that such vicarious liability is foreclosed because "[a]n action on a judgment is barred if brought against general partners who were not parties to the prior suit." (50 C.J.S. *Judgments* §857, at 428 (1992 Supp.), citing *Hartley v. Shenandoah, Ltd.* (1984), 170 Ga. App. 868, 318 S.E.2d 508.) In *Hartley*, the plaintiff, a judgment creditor, sought to enforce a judgment which had been entered against Shenandoah Development, Inc., an insolvent corporation. However, the plaintiff in *Hartley* brought his enforcement action against the general partners of the judgment debtor. The plaintiff was seeking a declaration that the defendants, *i.e.*, the general partners of the judgment debtor, were liable on the judgment previously obtained against the named debtor, *i.e.*, the insolvent corporation. Since the general partners had not been parties to the prior suit from which the judgment obtained, the court held that the plaintiff's action to enforce the prior judgment could not stand.

Plaintiff contends that such cases are inapposite because they involved the enforcement of judgments resulting from judicial proceedings rather than from arbitration. Since arbitration proceedings do not follow the discovery procedures available in judicial proceedings, plaintiff submits that he was not able to discover the existence of the joint venture or the co-joint venturers until some unspecified time during or after the arbitration. We find this argument unpersuasive.

Plaintiff concedes that arbitration is a matter of contract. "Parties who execute a contract containing a valid arbitration clause are irrevocably committed to arbitrate all disputes clearly arising under the agreement." *T D E Ltd. v. Israel* (1989), 185 Ill. App. 3d 1059, 1063, 541 N.E.2d 1281.

"The object of arbitration is to foster final disposition of disputes in an easier, faster, and more economical manner than by litigation." *Geldermann, Inc. v. Mullins* (1988), 171 Ill. App. 3d 255, 260, 524 N.E.2d 1212; *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 1042, 425 N.E.2d 439.

Discovery in arbitration is limited. (*E.g., Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 537, 491 N.E.2d 1322.) However, the parties willingly accept the absence of procedures employed in our justice system in return for the benefits of a quick, efficient, and less expensive resolution of their disputes. *Drinane v. State Farm Mutual Automobile Insurance Co.* (1992), 153 Ill. 2d 207.

■ Plaintiff additionally contends that the present cause of action is appropriate under section 2—411(b) of the Illinois Code of Civil Procedure, which states:

"An unsatisfied judgment against a partnership in its firm name does not bar an action to enforce the individual liability of any partner." Ill. Rev. Stat. 1989, ch. 110, par. 2—411(b).

Plaintiff recognizes that his complaint differs from the cause of action authorized by section 2—411(b) because the judgments he seeks to enforce were not entered against the joint venture itself. Plaintiff maintains that such distinction is immaterial. However, section 2—411(b) clearly authorizes only an action against individual partners for satisfaction of a judgment entered against a partnership. The converse is not provided in the statute and cannot be inferred.

■■ On the facts of this case, plaintiff cannot prevail. He cannot enforce a judgment confirming an arbitration award as against a partner who was not a party to the arbitration proceedings. However, except for the statute of limitations, he, of course, could always proceed on the original cause of action for architectural services.

Plaintiff next contends that the seven-year statute of limitations for the enforcement of a judgment applies (Ill. Rev. Stat. 1989, ch. 110, par. 12—108(a)) because his cause of action accrued when the judgments on the arbitration awards were entered in December 1988 and January 1989.

However, we have previously determined that plaintiff cannot enforce a judgment against a nonjudgment debtor. In that regard, the Alabama Supreme Court stated "a money judgment obtained in one action [cannot] be enforced in another action against a party who is not a party to that judgment. In an action on a judgment, one may not obtain relief broader than the judgment sued on." *Duncan, Inc. v. Head* (Ala. 1988), 519 So.2d 1305, 1308.

This principle comports with the rule enunciated in *Industrial National Bank*:

"No rule of law is better settled, than the one, that an action of debt is maintainable on a judgment of a court of record. The judgment is a good cause of action, it being *as between the parties*, the most conclusive evidence of indebtedness." (Emphasis added.) *Industrial National Bank*, 330 Ill. App. at 502.

■■ We agree with the trial court that plaintiff's cause of action accrued at the time of the breach of the contract. To hold otherwise would allow one statute of limitations to apply to certain joint venturers, *i.e.*, Landmark and Sheffield, and a different statute of limitations to apply to another joint venturer, *i.e.*, SURIC. There is no justification in the statutes or in case law to allow such a result.

■■ Alternatively, plaintiff submits that the 10-year limitation on actions on written contracts or "other evidences of indebtedness in writ-

ing" (Ill. Rev. Stat. 1989, ch. 110, par. 13—206) would apply. We disagree because in neither the underlying contract nor the judgments confirming the arbitration awards is SURIC a party. Parol evidence is required to show the nexus between SURIC and the transaction.

This court in *Toth v. Mansell* (1990), 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, explained the strictures of section 13—206:

> "Illinois courts strictly interpret the meaning of a written contract and 'other evidence of indebtedness' within the statute of limitations. A contract is considered written for purposes of the statute of limitations if all essential terms are reduced to writing and can be ascertained from the instrument itself. [Citations.] If parol evidence is necessary to make the contract complete, then the contract must be treated as oral for purposes of the statute of limitations. [Citations.]
>
> Similarly, a written document qualifies as 'other evidence of indebtedness' under section 13—206 only when one need not resort to parol evidence to establish the vital elements of the agreement." *Toth*, 207 Ill. App. 3d at 669-70.

Instead, plaintiff should have brought a breach of contract action against SURIC. However, since SURIC was not a signatory to the contract, the five-year statute of limitations governing the enforcement of an unwritten contract (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) would apply because plaintiff could only prove that he had contracted with the joint venture or other joint venturers through the use of parol evidence. Since five years have passed from the time of the breach, section 13—205 bars plaintiff's action.

Moreover, the *Landmark* case held that the agreement between the parties was oral and that the written instruments were evidence of the parties' intent. *Landmark*, 172 Ill. App. 3d 379, 526 N.E.2d 603.

Summary judgment is proper when the pleadings, depositions and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) For all the foregoing reasons, we affirm the order granting summary judgment for defendants.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.